Filed 3/22/16

**CERTIFIED FOR PUBLICATION**

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E062790 |
| v. | (Super.Ct.No. FSB033118) |
| WADE ALLYN BUSH, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County. Michael A. Smith, Judge. (Retired judge of the San Bernardino Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.) Affirmed in part; reversed in part with directions.

Gerald J. Miller, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Julie L. Garland, Assistant Attorney General, Barry Carlton, Karl T. Terp, and Marvin E. Mizell, Deputy Attorneys General, for Plaintiff and Respondent.

1

I

INTRODUCTION

Defendant Wade Allyn Bush appeals from an order denying his petition to reduce to misdemeanors his felony convictions for theft from an elder and receiving stolen property (Pen. Code, §§ 368, subd. (d), 496, subd. (a)[1]) pursuant to section 1170.18, which California voters enacted as part of Proposition 47, the Safe Neighborhoods and Schools Act. The trial court denied defendant's petition on the ground he was not eligible for relief under Proposition 47 due to the nature of his convictions. Defendant contends the trial court committed reversible error by denying his petition without stating the reasons for doing so or specifying the materials relied upon in making its determination. Defendant further argues remand is required because the amount of the stolen property, which was determinative of eligibility for resentencing, is not readily evident from the record.

We conclude defendant is not eligible for resentencing on his convictions for theft from an elder (§ 368, subd. (d); counts 2 and 23) under Proposition 47. However, as to counts 12, 14, and 15, for receiving stolen property in violation of section 496, subdivision (a), we conclude the record on appeal does not support the trial court's finding of noneligibility for resentencing because of the nature of those crimes. A section 496 violation is one of the crimes listed as eligible for resentencing if the property received does not exceed $950. The record indicates there was no factual hearing or

_____

[1] Unless otherwise noted, all statutory references are to the Penal Code.

2

determination that the property received, consisting of a single identification card as to each count, exceeded $950.

Because the trial court did not state its reasoning for concluding the crimes alleged in counts 12, 14, and 15 were not eligible for resentencing and the record does not support the trial court's ineligibility finding, the trial court's ruling denying defendant's resentencing petition is reversed and remanded for reconsideration of defendant's petition solely as to counts 12, 14, and 15. The judgment is affirmed as to the trial court's denial of defendant's resentencing petition as to counts 2 and 23.

II

FACTS AND PROCEDURAL BACKGROUND

The following facts are taken from a probation report dated August 6, 2003, prepared after defendant was charged with committing 26 offenses between October 1, 2000 and January 7, 2002. Both parties rely on those facts for purposes of this appeal. There is no other evidentiary source in the record because defendant entered a plea bargain and pled guilty to counts 1, 2, 12, 14, 15, 23, and 24. In addition, after the hearing on defendant's petition for resentencing, the petition was separated from the trial court file and not properly returned, resulting in it becoming lost and not included in the clerk's transcript in this appeal.

**Probation Report Facts**

Although the information alleges some of the charged offenses occurred in 2000 (including counts 12, 14, and 15), the probation report states the charged offenses occurred between October 1, 2001 and January 2, 2002. During that time, Charles

3

Haughey, who was 74 years old, felt sorry for defendant upon first meeting him and let him move into Haughey's home rent free. After defendant moved in, Haughey saw defendant with Haughey's mail and asked defendant about it. Defendant told Haughey to mind his own business.

Defendant brought a dog to Haughey's house and let it attack Haughey's dog, which was a gentle Bearded Collie Haughey had had for many years. Haughey's dog was so badly injured it had to be put to sleep. Defendant told Haughey, "'If you do anything about it, you'll be next.'" Haughey let defendant continue living at his home rent free because Haughey was too scared to force defendant to move out. Haughey feared defendant would harm him if Haughey made defendant leave.

In January 2002, Haughey's daughter, Carolyn, took Haughey to stay with friends across the street from Haughey's house, because defendant was abusing and taking advantage of Haughey. Carolyn intended to take Haughey to live with her in Arizona, to get him away from defendant. While Carolyn was at the friends' home across the street, she saw a woman go to Haughey's house. The woman told Carolyn she was looking for a man named "Joker," because he had agreed to purchase her vehicle in exchange for a computer. The woman said Joker had purchased a computer using a credit card under the name of Charles Haughey.

Upon checking the mail in defendant's room at Haughey's house, Carolyn found a VISA credit card in Haughey's name that had just arrived in the mail. Haughey believed defendant applied for credit cards in Haughey's name. Carolyn found in defendant's dresser another credit card in Haughey's name, a bank statement for the VISA card,

4

several identification cards, and a copy of Haughey's property tax papers. Haughey had not applied for the credit cards or given anyone permission to do so under his name.

On January 2, 2002, the police were dispatched to Haughey's home in response to a report of suspicious circumstances and spoke with Carolyn and Haughey. The next day, Haughey reported he had locked his residence and turned off the lights while staying with friends across the street. He noticed the lights were on. Haughey requested the police to check his home because it was supposed to be vacant. Haughey believed defendant was in his home. The police contacted defendant at Haughey's home. Defendant said he had just been released from West Valley jail the night before. The officers told defendant they were investigating fraudulent purchases and use of credit cards. Defendant denied any involvement or knowledge of the alleged crimes.

After defendant was arrested and read his *Miranda* rights, defendant said the identification cards and Social Security cards in his dresser drawer belonged to his ex-girlfriend. He said he did not know anything about a Sears credit card found in his dresser or about applying for credit cards in Haughey's name. When told a witness heard him ordering a computer using Haughey's credit card, defendant said whoever said that was lying. Defendant admitted he used the name "Joker." Defendant said he believed his ex-girlfriend was making accusations against him because she was upset with him.

The woman who said Joker had purchased a computer for her, took the computer and all the parts she received in the mail to the Colton Police Department. When she dropped them off, she said she received a call from an unknown man earlier that morning threatening that, if defendant "goes down, she is going to go down and she better stay out

5

of court."

The reporting probation officer interviewed Carolyn by telephone in July 2003. Carolyn said Haughey died in March 2002, 58 days after moving out of his home where defendant had been living. That home had been in their family for years. Her grandparents built the home. The house was sold to force Haughey to leave it and because defendant had damaged the home. The house was sold for $58,000, at a loss of about $30,000, because of the damage. Other similar undamaged homes in the neighborhood were selling for around $100,000. Carolyn also incurred the cost of $250 to fly Haughey to her home in Arizona because of his poor health. Haughey had been afraid to go home but also afraid to leave his home. Carolyn told the probation officer that, "'[t]echnically, he killed my dad. He deserves everything he gets and more.'" Carolyn said no amount of restitution would make up for defendant causing Haughey's decline in health. Carolyn nevertheless requested restitution for the depreciation in value of Haughey's home and the cost of the airplane ticket.

During defendant's interview at the central detention center in July 2003, he stated, "I did what I was accused of doing. That man was like a father to me. He died and it hurts. I was strung out on drugs and did all of this to try to keep my girlfriend happy. I feel bad and wish I could take it all back. I wish I could have talked to Charles before he died."

The probation officer who wrote the probation report was unable to verify the loss from First USA Bank. However, according to the police report, a bank statement found at Haughey's house showed a balance of $2,083.44. The probation report recommended

6

restitution in that amount. The bank statement for the First USA Bank VISA card showed balance transfers, telephone services, video mail, cash advances, and charges from Pizza Hut.

**Felony Complaint and Information**

The district attorney filed a felony complaint, first and second amended complaints, and a 26-count information against defendant for offenses occurring between October 2000 and January 2002. Those offenses include two counts of first-degree residential burglary (§ 459), two counts of theft from an elder (§ 368, subd. (d)), seven counts of misdemeanor theft with intent to defraud using an access or credit card (§ 484e, subd. (c)), one count of fraudulent use of an access card (§ 484g), five counts of identity theft (§ 530.5, subd. (a)), two counts of making criminal threats (§ 422), five counts of receiving stolen property (§ 496, subd. (a)), and two counts of vandalism (§ 594, subd. (a)). Regarding 17 of the offenses, the information alleged defendant had two prior strike convictions.

**Plea Bargain, Conviction and Sentencing**

Defendant agreed to a plea bargain in which he was convicted of counts 1 (first degree residential burglary; § 459), 2 and 23 (theft exceeding $400 from an elder; § 368, subd. (d)), 12, 14, and 15 (receiving stolen property exceeding $400; § 496, subd. (a)), and 24 (vandalism under $400; § 594, subd. (a)). Defendant admitted one prior strike allegation. All other counts and special allegations were dismissed. As part of

defendant's plea, defendant entered a *Harvey*[2] waiver in which he agreed to waive his "rights regarding dismissed counts and any charges the district attorney agrees not to file to the extent that the court may consider these factors in deciding whether or not to grant probation and in deciding whether or not to impose a midterm, aggravated, or mitigated prison term, and as to restitution."

In April 2003, the court found that a factual basis existed for defendant's guilty pleas and approved the plea bargain. The trial court sentenced defendant to 20 years in prison and ordered defendant to pay restitution in the amount of $30,250 to Haughey's daughter and $2,083.44 to First USA Bank Visa.

**Petition for Resentencing**

After Proposition 47 passed in November 2014, defendant filed a petition for resentencing, requesting his felony convictions for theft from an elder (§ 368, subd. (d); counts 2 and 23) and receiving stolen property (§ 496, subd. (a); counts 12, 14, and 15) reduced from felonies to misdemeanors under Proposition 47 (§ 1170.18).

On December 19, 2014, the trial court heard defendant's petition for resentencing, along with other defendants' petitions for resentencing under Proposition 47. During the brief hearing, the trial court announced the names of the cases in which petitions to reduce convictions to misdemeanors were granted. Defendant's case was not one of those named cases. The court then stated: "Then, the petitions to reduce the convictions to misdemeanors and the petitions for resentencing are denied in the following cases,

---

[2] *People v. Harvey* (1979) 25 Cal.3d 754.

because the defendant is not eligible for relief under Prop 47, due to the nature of the convictions." Defendant's case was named, along with other cases in which petitions for resentencing were denied. There was no further discussion on the record of the grounds or facts upon which the court denied defendant's resentencing petition. The December 19, 2014 minute order states: "The Court finds that Petitioner does not satisfy the criteria in Penal Code 1170.18 and is not eligible for resentencing. The Petition for Resentencing is denied."

## III

## PROPOSITION 47

California voters approved Proposition 47 on November 4, 2014, and it became effective the next day. (§ 1170.18; Cal. Const., art. II, § 10, subd. (a).) Proposition 47 added section 1170.18, which reduced punishment for the specified drug and theft offenses from straight felonies and wobblers to misdemeanors. (*People v. Rivera* (2015) 233 Cal.App.4th 1085, 1091-1092 (*Rivera*).) Proposition 47 achieved this objective in two separate ways, by providing prospective relief and by providing retrospective relief. Prospective relief under Proposition 47 does not apply to defendant because he was already sentenced when Proposition 47 took effect.

Under Proposition 47, defendants, such as defendant, "who *presently* were *serving* a sentence for a conviction under one of the six specified statutes can *file petitions* for resentencing as misdemeanors under the present versions of the statute if doing so would not present an unreasonable risk of danger to public safety (§ 1170.18, subds. (a), (b), (c),

9

(i))."[3]  (*Rivera, supra,* 233 Cal.App.4th at p. 1092.)  After resentencing under Proposition 47, an eligible conviction is considered a misdemeanor for all purposes.  (§ 1170.18, subd. (k); *Rivera,* at p. 1093.)

Proposition 47 added sections 459.5 (shoplifting), 490.2 (petty theft by repeat offender), and 1170.18 (resentencing).  It also amended sections 473, 476a, and 496, and Health and Safety Code sections 11350, 11357, and 11377 to change the crimes' status to misdemeanors.  (*Rivera, supra,* 233 Cal.App.4th at p. 1091.)  Section 1170.18, subdivision (a), provides:  "(a) A person currently serving a sentence for a conviction, whether by trial or plea, of a felony or felonies who would have been guilty of a misdemeanor under the act that added this section ('this act') had this act been in effect at the time of the offense may petition for a recall of sentence before the trial court that entered the judgment of conviction in his or her case to request resentencing in accordance with Sections 11350, 11357, or 11377 of the Health and Safety Code, or Section 459.5, 473, 476a, 490.2, 496, or 666 of the Penal Code, as those sections have been amended or added by this act."

Subdivision (b) of section 1170.18 provides that, "[u]pon receiving a petition under subdivision (a), the court shall determine whether the petitioner satisfies the criteria in subdivision (a).  If the petitioner satisfies the criteria in subdivision (a), the petitioner's felony sentence shall be recalled and the petitioner resentenced to a misdemeanor

---

[3] Proposition 47 also provides that eligible defendants who have already completed a felony sentence can file petitions for redesignation of convictions as misdemeanors.  (§ 1170.18, subds. (f), (g), (i); *Rivera, supra,* 233 Cal.App.4th at p. 1093.)

pursuant to Sections 11350, 11357, or 11377 of the Health and Safety Code, or Section 459.5, 473, 476a, 490.2, 496, or 666 of the Penal Code, those sections have been amended or added by this act, unless the court, in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety."

Section 1170.18 thus provides a two-step mechanism, in which a person currently serving a felony sentence for an offense that is now a misdemeanor under Proposition 47's statutory amendments, may petition for a recall of that sentence and request resentencing in accordance with the offense statutes added or amended by Proposition 47. (§ 1170.18, subd. (a).)  A defendant who satisfies the criteria in subdivision (a) of section 1170.18, shall have his or her sentence recalled and be "resentenced to a misdemeanor . . . unless the court, in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety."  (§ 1170.18, subd. (b); *T. W. v. Superior Court* (2015) 236 Cal.App.4th 646, 649, fn. 2.)  First, the trial court must determine if the petitioner is eligible for resentencing under section 1170.18 based on a preponderance of the evidence.  (*People v. Osuna* (2014) 225 Cal.App.4th 1020, 1040 (*Osuna*); but see *People v. Arevalo* (2016) 244 Cal.App.4th 836, 853 [reasonable doubt standard applies for determination of Proposition 36 resentencing eligibility].)  If the court finds the petitioner eligible, the trial court must determine the factual issue of whether the petitioner presents an unreasonable risk of danger to public safety if resentenced.

11

IV

THEFT FROM AN ELDER

In addition to adding section 1170.18 to the Penal Code, Proposition 47 also added sections 459.5 and 490.2 and 1170.18, amended sections 473, 476a, 496 and 666, and amended Health and Safety Code sections 11350, 11357 and 11377. (*People v. Shabazz* (2015) 237 Cal.App.4th 303, 308; § 1170.18, subd. (a).) Section 1170.18 specifies the sections of the Health and Safety Code and Penal Code which are subject to Proposition 47 resentencing. Section 368 was neither amended nor included in the list of statutes in section 1170.18 eligible for resentencing under Proposition 47. (§ 1170.18, subds. (a), (b).) We therefore conclude the trial court correctly ruled as a matter of law that defendant was "not eligible for relief under Prop 47, due to the nature of the convictions" for his section 368 convictions (counts 2 and 23).

Defendant argues the trial court committed reversible error by not adequately stating its reasons for denying his resentencing petition or specifying the materials reviewed in making the court's decision. Defendant asserts that it is impossible to determine the precise basis for the trial court's summary denial of his resentencing petition. But, as to counts 2 and 23, the trial court's statement that defendant was not eligible for resentencing based on the nature of those counts was sufficient because the determination was not a factual one. It was based on statutory law limiting application of Proposition 47 to specified crimes. A section 368 conviction, as a matter of law, is not one of the specified offenses eligible under section 1170.18 for resentencing. The trial court therefore properly denied defendant's resentencing petition as to counts 2 and 23,

12

and was not required to provide a more detailed statement explaining its decision.

Defendant argues that the trial court may have improperly concluded he was not eligible for resentencing on counts 2 and 23 because the amount of stolen property received exceeded $950. Furthermore, defendant asserts the trial court failed to state its findings or state what materials the court relied upon in making the finding. Regardless of whether the trial court may have based its decision on finding that the value of the stolen property exceeded $950, we must presume the trial court knows and follows the law, until the contrary is shown. (See *People v. Coddington* (2000) 23 Cal.4th 529, 644-645, overruled on another ground in *Price v. Superior Court* (2001) 25 Cal.4th 1046, 1069, fn. 13; *Wilson v. Sunshine Meat & Liquor Co.* (1983) 34 Cal.3d 554, 563; *People v. Mack* (1986) 178 Cal.App.3d 1026, 1032.) There being no evidence in the record that the trial court based its ruling on an improper ground, we presume the trial court followed the law and correctly denied defendant's resentencing petition on the ground counts 2 and 23 are ineligible for resentencing under section 1170.18.

Defendant maintains that he is eligible for resentencing on counts 2 and 23 because, even though a section 368 violation is not one of the enumerated crimes in section 1170.18, section 490.2 is one of the listed eligible crimes and section 490.2 provides that any theft crime in which the value of the stolen property does not exceed $950 shall be punished as a misdemeanor. Section 490.2, subdivision (a), states in relevant part: "Notwithstanding Section 487 [grand theft] or any other provision of law defining grand theft, obtaining any property by theft where the value of the money, labor, real or personal property taken does not exceed nine hundred fifty dollars ($950) shall be

13

considered petty theft and shall be punished as a misdemeanor, except that such person may instead be punished pursuant to subdivision (h) of Section 1170 if that person has one or more prior convictions for an offense specified in [section 667, subd. (e)(2)(C)(iv), commonly referred to as "super strikes,"] or for an offense requiring registration pursuant to subdivision (c) of Section 290."

Defendant argues that section 490.2 encompasses a section 368 theft offense if the section 368 crime qualifies under section 490.2 as punishable as a misdemeanor petty theft of property not exceeding $950, and the defendant does not have a super strike prior. Neither section 490.2 nor section 1170.18 refer specifically to a section 368 crime as one of the theft crimes eligible for resentencing under Proposition 47, and there is no case law holding whether a section 368 conviction qualifies for resentencing under section 1170.18, via section 490.2.

Because defendant's contention regarding section 368 involves a question of statutory construction, our review is de novo. (*Imperial Merchant Services, Inc. v. Hunt* (2009) 47 Cal.4th 381, 387 (*Imperial*).) When interpreting a voter initiative such as Proposition 47, we apply the same principles that govern statutory construction. (*People v. Rizo* (2000) 22 Cal.4th 681, 685 (*Rizo*); *Osuna, supra,* 225 Cal.App.4th at p. 1034.) Under well-founded principles of statutory construction, "in construing a statute we ascertain the Legislature's intent in order to effectuate the law's purpose. [Citation.] We must look to the statute's words and give them 'their usual and ordinary meaning.' [Citation.] 'The statute's plain meaning controls the court's interpretation unless its words are ambiguous.' [Citations.] 'If the statutory language permits more than one

14

reasonable interpretation, courts may consider other aids, such as the statute's purpose, legislative history, and public policy.' [Citation.]" (*Imperial,* at pp. 387-388.)

When construing Proposition 47, we are required to """"select the construction that comports most closely with the apparent intent of the [electorate], with a view to promoting rather than defeating the general purpose of the statute, and avoid an interpretation that would lead to absurd consequences.""" (*Osuna, supra,* 225 Cal.App.4th at pp. 1034-1035.) A single word or sentence in a statute is not determinative; the words must be construed in context, harmonizing to the extent possible the provisions relating to the same subject matter. (*Id.* at p. 1035.) We do not construe statutes in isolation. Rather, we read every statute taking into consideration the entire scheme of law of which it is part. In doing so, the whole statutory scheme may be harmonized and retain effectiveness. (*Ibid.*; *Horwich v. Superior Court* (1999) 21 Cal.4th 272, 276.)

Here, where Proposition 47, including section 1170.18, is ambiguous and there are two equally reasonable interpretations, we take into account the rule of lenity, which """"generally requires that 'ambiguity in a criminal statute should be resolved in favor of lenity, giving the defendant the benefit of every reasonable doubt on questions of interpretation.""" (*Osuna, supra,* 225 Cal.App.4th at p. 1035.) However, we will not construe ambiguities in defendant's favor "'if such an interpretation would provide an absurd result, or a result inconsistent with apparent legislative intent.'" (*Ibid.*, quoting *People v. Cruz* (1996) 13 Cal.4th 764, 783.)

Looking to the language of section 1170.18, we observe that the statute lists

15

specific statutes for which a petitioner may obtain resentencing. Section 1170.18, subdivision (a), provides that a petitioner "may petition for a recall of sentence before the trial court that entered the judgment of conviction in his or her case to request resentencing in accordance with Sections 11350, 11357, or 11377 of the Health and Safety Code, or Section 459.5, 473, 476a, 490.2, 496, or 666 of the Penal Code, as those sections have been amended or added by this act."

As to the crimes listed in section 1170.18, Proposition 47 either amended the statutes of the existing crimes to reflect eligibility for resentencing (§§ 473 (forgery), 476a (check fraud); 496 (receiving stolen property); and 666 (petty theft with a prior theft-related conviction) or enacted new crimes intended to be subject to Proposition 47 (§§ 459.5 (shoplifting), and 490.2 (petty theft repeat offender). Proposition 47 states under the heading, "Purpose and Intent": "In enacting this act, it is the purpose and intent of the people of the State of California to: [¶] . . . [¶] (4) Authorize consideration of resentencing for anyone who is currently serving a sentence for any of the offenses *listed herein* that are now misdemeanors." (2014 Cal. Legis. Serv. Prop. 47; italics added; Stats.2014, c. 861 (S.B. 828), § 1, eff. Jan. 1, 2015.) Proposition 47 neither lists section 368 as a crime eligible for resentencing nor amends section 368 to change it from a wobbler to a misdemeanor. Section 368 has not been amended since 2011, other than in September 2015, when the Legislature added subdivision (l), which permits the sentencing court to issue an order restraining the defendant from any contact with the victim (2015 Cal. Legis. Serv. Ch. 279 (S.B. 352).

We also note Proposition 47 rewrote section 666, adding language to subdivision

16

(b) of section 666, excluding section 368 from limited punishment under section 666 of one year in jail or prison.[4]  This reflects Proposition 47 was not intended to provide resentencing for a section 368 crime, because section 368 is considered a more serious offense than the listed theft crimes in section 1170.18.  Section 368 punishes offenders who prey on vulnerable elders and dependent adults, with section 368 providing the trial court with discretion to sentence an offender more severely than required under section 1170.18 for one of the specified potentially less egregious crimes.

We conclude Proposition 47's listed crimes, including a section 490.2 crime, do not encompass a section 368 crime for sentencing eligibility purposes.  Had the intent of Proposition 47 been to include section 368 as a crime eligible for resentencing, section 368 would have been listed in section 1170.18 or amended.  Omission of the crime as one of the listed crimes eligible for resentencing and the amendment to section 666 regarding section 368, reflect that section 368 was not intended to be one of the crimes eligible for

---

[4]  Section 666, as amended states:  "(a) Notwithstanding Section 490, any person described in *subdivision (b)* who, having been convicted of petty theft, grand theft, a conviction pursuant to subdivision (d) or (e) of Section 368, auto theft under Section 10851 of the Vehicle Code, burglary, carjacking, robbery, or a felony violation of Section 496, and having served a term of imprisonment therefor in any penal institution or having been imprisoned therein as a condition of probation for that offense, and who is subsequently convicted of petty theft, is punishable by imprisonment in the county jail not exceeding one year, or in the state prison.

"(b) *Subdivision (a)* shall apply to any person who is required to register pursuant to the Sex Offender Registration Act, or who has a prior violent or serious felony conviction, as specified in *clause (iv) of subparagraph (C) of paragraph (2) of subdivision (e) of Section 667, or has a conviction pursuant to subdivision (d) or (e) of Section 368*.

"(c) This *section* shall not be construed to preclude prosecution or punishment pursuant to subdivisions (b) to (i), inclusive, of Section 667, or Section 1170.12."  (Italics show language added to section 666, as amended by Proposition 47.)

17

resentencing.  Because Proposition 47 has specified which crimes are subject to resentencing, we reject defendant's contention Proposition 47 encompasses section 368, which is not listed as eligible for resentencing.  (*Gikas v. Zolin* (1993) 6 Cal.4th 841, 852 ["The expression of some things in a statute necessarily means the exclusion of other things not expressed.  [Citation.]  The expression of preclusion by an *acquittal* excludes preclusion in other regards not expressed."]

Furthermore, section 490.2 does not provide indirect resentencing eligibility for a section 368 crime under section 1170.18.  Even assuming Proposition 47 encompasses statutes not amended by or listed in Proposition 47, a section 368 offense is not subject to Proposition 47 because section 368 provides the trial court with discretion to decide whether a section 368 violation is a misdemeanor or a felony.  Proposition 47 did not amend section 368 to eliminate this discretion and require misdemeanor status.  Therefore defendant cannot establish that his section 368 violation would have been a misdemeanor had Proposition 47 been in effect at the time of sentencing.  Under such circumstances, defendant cannot meet his burden of establishing resentencing eligibility, even if he proves the value of the stolen property did not exceed $950.  Defendant is not a person who would have necessarily been guilty of a misdemeanor under Proposition 47 and thus is ineligible for resentencing under section 1170.18, subdivision (a).

V

RECEIVING STOLEN PROPERTY

Defendant contends the trial court erred in denying his petition for resentencing as to counts 12, 14, and 15.  Those counts are for receiving stolen property in violation of

18

section 496, subdivision (a). Section 496 crime is listed in section 1170.18 as one of the crimes which qualifies a defendant for resentencing under Proposition 47. Nevertheless, the trial court denied defendant's petition for resentencing on the ground defendant was ineligible for resentencing on counts 12, 14, and 15 "due to the nature of the convictions."

Section 496, subdivision (a), as amended by Proposition 47, provides that anyone who receives stolen property, knowing the property to be stolen, "shall be punished by imprisonment in a county jail for not more than one year, or imprisonment pursuant to subdivision (h) of Section 1170. However, if the value of the property does not exceed nine hundred fifty dollars ($950), the offense shall be a misdemeanor, punishable only by imprisonment in a county jail not exceeding one year, if such person has no prior convictions for an offense specified in clause (iv) of subparagraph (C) of paragraph (2) of subdivision (e) of Section 667 or for an offense requiring registration pursuant to subdivision (c) of Section 290."

When defendant entered his guilty plea and was convicted in 2003 on counts 12, 14, and 15, the threshold value of the stolen property required for a felony conviction was in excess of $400, rather than $950. Therefore the fact defendant pled guilty to felony violations of section 496, subdivision (a), does not establish that the stolen property in counts 12, 14, and 15 exceeded $950, for purposes of resentencing eligibility.

Counts 12, 14, and 15 of the information, to which defendant pled guilty, do not allege the value of the stolen property received. Counts 12, 14, and 15 allege defendant received stolen identification cards from three separate victims, knowing each card had

19

been stolen. Defendant's guilty plea signed by defendant states defendant pled guilty to felony receipt of stolen property in violation of section 496, subdivision (a), as to counts 12, 14, and 15. No facts of the crimes, such as the actual value of the stolen property, are stated in the plea.

The People argue that facts in the 2003 probation report, prepared in connection with sentencing defendant, establish that his crimes do not qualify for resentencing under Proposition 47. Even assuming the court considered the facts in the probation report for purposes of determining the value of the stolen property, there are no facts in the probation report indicating the value of each of the stolen identification cards.

The People argue that the trial court's restitution order establishes that defendant stole over $950 and therefore he does not qualify for resentencing. The trial court ordered $2,083.44 in restitution paid to First USA Bank for losses it incurred, as alleged in counts 8, 17, 18, 19, 20, and 22. These counts allege identity theft from Haughey in violation of section 530.5, subdivision (a) (counts 8, 19, and 20), and theft of First USA bank credit cards in violation of section 484E, subdivision (c) (counts 17, 18, and 22). These are different crimes against different victims than those alleged in counts 12, 14, and 15, and there are no facts or evidence in the record that the stolen identification cards are related to the losses incurred by First USA Bank. There was no restitution awarded to the owners of the identification cards, possibly because the cards could be returned to the owners or because the prosecution had not established the identification cards had any quantifiable monetary value.

There is no evidence in the record on appeal upon which the trial court could have

20

found the stolen property received alleged in counts 12, 14, and 15 exceeded $950. The value of other stolen property, forming the basis of the other charges against defendant, is irrelevant to the determination of eligibility for resentencing as to counts 12, 14, and 15. Whether defendant was charged or convicted of other crimes involving property exceeding $950 has no bearing on whether counts 12, 14, and 15 qualify for resentencing under section 1170.18. Based on our review of the record on appeal, we can find no basis for the trial court ruling counts 12, 14, and 15 do not qualify for resentencing. The record on appeal does not support a finding that each of the stolen identification cards alleged in counts 12, 14, and 15 exceed $950 in value.

Furthermore, this court's review of the trial court's determination is impeded through no fault of defendant by the trial court's lack of specificity in stating why it denied defendant's resentencing petition and by the trial court's loss of defendant's resentencing petition. We realize such circumstances may be attributable to the burden placed on the trial court to resolve a tsunami of resentencing petitions following the passage of Proposition 47. Nevertheless, for purposes of reviewing the instant case, this court has no way of knowing why the trial court concluded counts 12, 14, and 15 are not crimes eligible for resentencing, when the record before this court supports a finding the counts are eligible.

We recognize that the burden is on the petitioner to establish eligibility for resentencing under section 1170.18, subdivision (a). In the instant case it appears that defendant met his initial burden because the stolen property consisted of identification cards, in which generally the monetary loss to the victim is difficult to quantify as

21

exceeding $950. (*People v. Sherow* (2015) 239 Cal.App.4th 875, 878; Couzens & Bigelow, Proposition 47 "The Safe Neighborhoods and Schools Act" (Feb. 2015), <www.courts.ca.gov/documents/Prop-47-Information.pdf> [as of March 15, 2016] p. 40; see *People v. Grayson* (10/19/15) 2015 Cal.App.LEXIS 914, pp. 3-5.)

Concluding the defendant in *People v. Sherow, supra,* 239 Cal.App.4th at page 880, did not meet his burden of establishing resentencing eligibility under Proposition 47, the *Sherow* court affirmed the trial court's denial of resentencing without prejudice to subsequent consideration of a properly filed petition. The *Sherow* court explained: "Applying the burden to Sherow would not be unfair or unreasonable. He knows what kind of items he took from the stores in counts 1 and 2. At the time of trial it was not necessary for the prosecution to prove the value of the loss to prove second degree burglary. Thus there is apparently no record of value in the trial record. [¶] A proper petition could certainly contain at least Sherow's testimony about the nature of the items taken. If he made the initial showing the court can take such action as appropriate to grant the petition or permit further factual determination. (*People v. Bradford* (2014) 227 Cal.App.4th 1322, 1341.) [¶] The petition at issue in this case gave the trial court no information about eligibility or even the actual counts about which there may have been a question of eligibility for resentencing. On a proper petition Sherow may be able to show eligibility on count 1 or 2 or both, but he has not done so on this record."

As in *Sherow*, in the instant case there is no evidence in the record of the value of the property as to counts 12, 14, and 15. However, here, unlike in *Sherow*, we are unable to consider defendant's resentencing petition because the trial court inadvertently lost the

22

petition. This court therefore has no way of determining whether the petition provided information establishing noneligibility, which the trial court may have relied upon when it denied defendant's petition, or whether the petition alleged facts requiring an evidentiary hearing on the value of the property at issue in counts 12, 14, and 15.

Furthermore, here, unlike in *Sherow*, the record indicates the value of the stolen property does not exceed $950, because the stolen property as to each of counts 12, 14, and 15 consists of a single identification card. In addition, the record shows the trial court ordered restitution paid to First USA Bank and Haughey's daughter. No restitution was paid to the alleged owners of the identification cards and the information does not allege a specific value for the stolen identification cards.

Based on the totality of these facts and circumstances, the trial court's ruling denying defendant's petition for resentencing is reversed and remanded to the trial court for reconsideration of defendant's resentencing petition solely as to resentencing eligibility as to counts 12, 14, and 15. If the trial court determines counts 12, 14, and 15 do not qualify for resentencing, the trial court is directed to state its reasons. If the trial court concludes counts 12, 14, and 15 qualify, the trial court may then determine whether defendant poses an unreasonable risk of danger to public safety if resentenced, under section 1170.18, subdivisions (b) and (c).

VI

DISPOSITION

The judgment is affirmed in part and reversed in part. The judgment is affirmed as to the trial court's ruling denying defendant's resentencing petition as to counts 2 and 23.

23

The judgment is reversed as to the trial court's order denying defendant's petition for resentencing as to counts 12, 14, and 15, and remanded with directions that the trial court reconsider eligibility of those counts for resentencing consistent with this opinion.

CERTIFIED FOR PUBLICATION

CODRINGTON      

J.

We concur:


HOLLENHORST     

        Acting P. J.


McKINSTER     

        J.