Filed 5/19/16  P. v. Lopez CA2/3

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | B266723 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. GA072509) |
| v. | |
| CARLOS FRANCISCO LOPEZ, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Teri Schwartz, Judge.  Affirmed.

John L. Staley, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

Defendant and appellant Carlos Francisco Lopez appeals the trial court's order denying his motion to recall his sentence and resentence him pursuant to Proposition 47, the Safe Neighborhoods and Schools Act (Pen. Code, § 1170.18, subd. (a)).[1]  We affirm.

## PROCEDURAL BACKGROUND

In case No. GA072509, Lopez pleaded no contest to unlawful sexual intercourse with a minor more than three years younger than himself (§ 261.5, subd. (c)) and first degree burglary (§ 459), pursuant to a negotiated disposition.  The trial court imposed a four-year suspended sentence and placed Lopez on five years formal probation, on the condition, inter alia, he serve one year in jail.  In February 2012 the trial court ordered probation revoked in case No. GA072509 after Lopez admitted violating probation. It sentenced Lopez to six years in a separate case, FVA1100951, for attempted lewd act upon a child (§§ 664, 288, subd. (a)), imposed a subordinate term of one year four months on the burglary charge in case No. GA072509, and ordered sentence on the section 261.5, subdivision (c) offense stayed pursuant to section 654.

In August 2015, Lopez, acting in propria persona, filed a petition for recall of sentence and resentencing on the burglary conviction pursuant to Proposition 47, section 1170.18, subdivision (a).  On August 11, 2015, the trial court denied the petition on the ground the burglary offense was not eligible for resentencing under the statute. Lopez filed a timely notice of appeal.

---

[1]  All further undesignated statutory references are to the Penal Code.

## DISCUSSION

After review of the record, appellant's court-appointed counsel filed an opening brief that raised no issues, and requested this court to conduct an independent review of the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436, 441. We advised appellant that he had 30 days to submit by brief or letter any contentions or argument he wished this court to consider. We have received no response.

Proposition 47 reduced certain drug and theft offenses to misdemeanors, unless committed by ineligible offenders. (*People v. Lynall* (2015) 233 Cal.App.4th 1102, 1108.) Proposition 47 also enacted section 1170.18, which created a procedure whereby a defendant who has suffered a felony conviction of one of the reclassified crimes can petition to have it redesignated a misdemeanor. Section 1170.18, subdivision (a) provides: "A person currently serving a sentence for a conviction, whether by trial or plea, of a felony or felonies who would have been guilty of a misdemeanor under the act that added this section . . . had this act been in effect at the time of the offense may petition for a recall of sentence before the trial court that entered the judgment of conviction in his or her case to request resentencing in accordance with Sections 11350, 11357, or 11377 of the Health and Safety Code, or Section 459.5, 473, 476a, 490.2, 496, or 666 of the Penal Code, as those sections have been amended or added by this act." Section 1170.18 thus specifies the sections of the Penal Code which are subject to Proposition 47 resentencing. Burglary (§ 459) is not listed in section 1170.18. Therefore, the trial court correctly concluded Lopez's burglary conviction is not an offense eligible for resentencing. (See *People v. Bush* (2016) 245 Cal.App.4th 992, 1001.)

We have examined the entire record and are satisfied appellant's attorney has fully complied with the responsibilities of counsel and no arguable issues exist. (*People v. Kelly* (2006) 40 Cal.4th 106, 126; *People v. Wende, supra*, 25 Cal.3d at pp. 441-442.)

3

## DISPOSITION

The order is affirmed.

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

ALDRICH, Acting P. J.

We concur:

LAVIN, J.

HOGUE, J.[*]

---

[*] Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.