Filed 6/15/16  P. v. Denk CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>BERNIE JASON DENK,<br><br>    Defendant and Appellant. | 2d Crim. No. B266009<br>(Super. Ct. No. 2009047617)<br>(Ventura County) |

Bernie Jason Denk appeals from an order denying his application to have his felony forgery conviction designated a misdemeanor pursuant to Penal Code section 1170.18, subdivisions (f) and (g).[1]  Appellant contends that, because the amount involved did not exceed $950, the trial court erroneously concluded that the felony conviction was not eligible for reduction to a misdemeanor.  We affirm.

*Procedural Background*

In April 2010 appellant pleaded guilty to felony forgery.  (§ 470.)  The information alleged that, with the intent to defraud, he had made or possessed counterfeit bills with the intent "to utter, pass and publish" them.  He was sentenced to prison for two years.

---

[1]    All statutory references are to the Penal Code unless otherwise stated.

At the general election on November 4, 2014, the voters approved Proposition 47, which went into effect the next day. (Cal. Const., art. II, § 10, subd. (a).) With certain exceptions not applicable to appellant, Proposition 47 made forgery a misdemeanor if the amount involved did not exceed $950. (§ 476a, subd. (b).) Before Proposition 47, forgery was a misdemeanor if the amount involved did not exceed $450. (Former § 476a, subd. (b).)

In June 2015 appellant applied to have his felony forgery conviction designated a misdemeanor because the amount involved did not exceed $950. (§ 1170.18, subds. (f) and (g).) In determining the amount, appellant asked the court to consider the preliminary hearing transcript and the probation report.

The court denied the application. It reasoned that appellant had participated in a "criminal enterprise of manufacturing counterfeit bills being shared and distributed in a common situation. And the evidence [in] the record is clear that that enterprise, at minimum, had generated $1600 . . . ."

*Facts*

Our summary of the facts is based on the preliminary hearing transcript and the probation report.

On December 31, 2009, Deputy Greg Gibson conducted a probation search of an apartment in Camarillo. Appellant resided there and was present during the search. Two other persons were also present. Inside appellant's wallet, Deputy Gibson found $320 in counterfeit bills. Appellant said that Robert Odom had given him the bills as payment for rent. He denied knowing that they were counterfeit. Appellant "stated that Odom had been residing in his apartment for the last month and a half."

The wallet was on top of a dresser in the apartment's only bedroom. Inside a dresser drawer, Gibson found $240 in counterfeit bills. Appellant said that the dresser belonged to him, but he denied knowledge of the counterfeit bills.

Photocopies of two $100 bills were on the bottom shelf in the bedroom closet, and a photocopy of another $100 bill was in plain view on the counter in the kitchen. Two counterfeit "$50 bills were wedged into a small gap between the stove and

2

cabinet."  "[T]here were counterfeit bills found on other [unidentified] individuals located in the apartment."

Appellant's cell phone contained a text message asking him, "How many bills will you have before noon tomorrow[?]"  Another text message thanked appellant for letting the sender "watch you make $ & draw."

A printer in the bedroom contained "several ivory pieces of paper" that "were consistent with the counterfeit money located in the wallet and the dresser." Appellant said that the printer belonged to Odom.

Odom was not at the apartment when Deputy Gibson searched it.  Odom later told Gibson that he had been living in the apartment with appellant and had last paid him rent in October 2009.  Since then, he "didn't have to pay rent because he gave [appellant] ideas on how to make the better counterfeit currency."  "[O]n a shelf in the closet," Gibson found "a UPS envelope . . . that was attributed to mail belonging to Mr. Odom."  The envelope contained eight $100 counterfeit bills.

*Standard of Review*

In determining whether a felony conviction qualifies for reduction to a misdemeanor under section 1170.18, the trial court makes a finding based on a preponderance of the evidence.  (*People v. Bush* (2016) 245 Cal.App.4th 992, 1001; see also *People v. Osuna* (2014) 225 Cal.App.4th 1020, 1040 [in determining eligibility for resentencing under the Three Strikes Reform Act of 2012 (Proposition 36), "a trial court need only find the existence of a disqualifying factor by a preponderance of the evidence"]; Evid. Code, § 115 ["Except as otherwise provided by law, the burden of proof requires proof by a preponderance of the evidence"].)  The preponderance standard means "'more likely than not.' [Citation.]"  (*People v. Superior Court (Kaulick)* (2013) 215 Cal.App.4th 1279, 1305, fn. 28.)

Thus, appellant had the burden of establishing by a preponderance of the evidence that his forgery conviction involved an amount not exceeding $950.  (*People v. Rivas-Colon* (2015) 241 Cal.App.4th 444, 449.)  This is a factual issue.  On appeal "'[f]actual issues are resolved under the substantial evidence test: whether there is

3

substantial evidence to support factual determinations reached by the trial court. [Citations.]'" (*People v. Jenan* (2006) 140 Cal.App.4th 782, 792.)

Accordingly, we "'must review the whole record [the preliminary hearing transcript and probation report] in the light most favorable to the [order] below to determine whether it discloses *substantial evidence*—that is, evidence which is reasonable, credible, and of solid value—such that a reasonable trier of fact could find [by a preponderance of the evidence that appellant's forgery conviction involved an amount in excess of $950]. . . . [Citations.]" (*People v. Cuevas* (1995) 12 Cal.4th 252, 260.)

*Substantial Evidence Supports the Trial Court's*

*Finding that the Amount Involved Exceeded $950*

Appellant notes, "the People introduced evidence that $800 of the [counterfeit] currency was in a UPS envelope attributed to Mr. Odom." Appellant argues that the evidence is insufficient to hold him liable for the $800 because "the record of conviction [does] not support a finding that appellant and Mr. Odom were engaged in an uncharged conspiracy to commit forgery of currency in excess of $950." We disagree.

"Evidence is sufficient to prove a conspiracy to commit a crime 'if it supports an inference that the parties positively or tacitly came to a mutual understanding to commit a crime. [Citation.] The existence of a conspiracy may be inferred from the conduct, relationship, interests, and activities of the alleged conspirators before and during the alleged conspiracy. [Citations.]' [Citation.]" (*People v. Rodrigues* (1994) 8 Cal.4th 1060, 1135.)

Substantial evidence supports the existence of a mutual understanding between appellant and Odom to make and distribute counterfeit bills with the intent to defraud. They lived together in a one-bedroom apartment. Counterfeit bills were found throughout the apartment, including in property attributable to appellant and property attributable to Odom. It is reasonable to infer that the printer in plain view in the bedroom was being used to print counterfeit bills. Appellant had received text messages indicating that he was printing and distributing the bills. Odom told Deputy Gibson that

4

he "didn't have to pay rent because he gave [appellant] ideas on how to make the better counterfeit currency."[2]

*Disposition*

The order denying appellant's application to have his felony forgery conviction designated a misdemeanor pursuant to Penal Code section 1170.18, subdivisions (f) and (g), is affirmed.

NOT TO BE PUBLISHED.


YEGAN, Acting P. J.

We concur:


PERREN, J.


TANGEMAN, J.

---

[2]    For the first time in his reply brief, appellant asserts, "The unreliable, self-serving hearsay statements from Mr. Od[o]m to law enforcement . . . should not be considered for their truth as an admissible portion of the record of conviction." The issue is forfeited because it was not raised in appellant's opening brief. (*Varjabedian v. City of Madera* (1977) 20 Cal.3d 285, 295, fn. 11 ["Obvious reasons of fairness militate against consideration of an issue raised initially in the reply brief of an appellant"].)

Bruce A. Young, Judge

Superior Court County of Ventura

_____


Stephen P. Lipson, Public Defender, Michael C. McMahon, Chief Deputy Public Defender, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Mary Sanchez, David A. Voet, Deputy Attorneys General, for Plaintiff and Respondent.