Filed 9/23/21  P. v. Miller CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>WILLIAM PHILLIP MILLER,<br><br>    Defendant and Appellant. | B310290<br>(Los Angeles County<br> Super. Ct. No. MA049065) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Daviann L. Mitchell, Judge.  Dismissed.

Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Appellant William Phillip Miller appeals from a postconviction order denying his request to reduce his sentence by striking a one-year prior prison enhancement (Pen. Code, § 667.5, subd. (b)).[1]  Appellant had admitted the prior as part of a negotiated plea, but it has since been re-designated a misdemeanor under Proposition 47.  His appellate counsel filed a brief asking this court to proceed under *People v. Serrano* (2012) 211 Cal.App.4th 496 (*Serrano*).  Consistent with *Serrano*, we dismiss the appeal as abandoned, as neither appellant nor his appointed counsel has raised any claim of error.

## BACKGROUND AND DISCUSSION

In July 2010, appellant was charged with attempted willful premeditated murder (§§ 664/187, subd. (a), count 1), assault with a deadly weapon (§ 245, subd. (a)(1), count 2), felony hit and run driving (Veh. Code, § 20001, subd. (a), count 3), grand theft auto (§ 487, subd. (d)(1), counts 4 and 5), evading a pursuing police officer (Veh. Code, § 2800.2, subd. (a), count 6), and possession of a controlled substance (Health & Saf. Code, § 11377, subd. (a), count 7).  On counts 1 through 3, the information alleged that appellant had inflicted great bodily injury (§ 12022.7, subd. (a)).  As to all counts, six prior prison terms were alleged (§ 667.5, subd. (b)).

In September 2010, appellant entered a negotiated disposition in which he pleaded no contest to assault with a deadly weapon (count 2),

---

[1]    Subsequent references to statutes are to the Penal Code unless otherwise indicated.

2

and felony hit and run driving (count 3). Appellant also admitted to inflicting great bodily injury, and having suffered five prior prison terms, including one conviction in 2006 for burglary.[2] Prior to sentencing, appellant sought to withdraw his plea in a motion in which he alleged his former attorney was ineffective for misadvising him on his exposure to terms of imprisonment if he did not enter into a plea agreement. The trial court denied the motion, and we affirmed the trial court's order. (See *People v. William P. Miller* (Feb. 23, 2012, B231365) [nonpub. opn.].)

In 2011, appellant was sentenced to an overall term of 12 years imprisonment, consisting of four years for assault with a deadly weapon, plus three years for inflicting great bodily injury, and five years for the prison priors.[3] Pursuant to the plea negotiation, the court dismissed counts 1, and 4 through 7.

Following Proposition 47's enactment in November 5, 2014 (see *People v. Valencia* (2017) 3 Cal.5th 347, 368), appellant filed an application in 2016 to re-designate his 2006 felony burglary conviction a misdemeanor shoplifting conviction (§ 459.5). Proposition 47 added section 1170.18, which reduced punishment for specific drug and theft

---

[2]     Appellant also admitted to suffering convictions between 2004 and 2008 for possession for sale a controlled substance (Health & Saf. Code, § 11378), possession of a controlled substance while armed with a firearm (Health & Saf. Code, § 11370.1), attempted receipt of stolen property (§ 496, subd. (d)), and felon in possession of a firearm (former § 12021).

[3]     Appellant was also sentenced to a concurrent term of 16 months imprisonment for hit and run driving.

offenses from straight felonies and wobblers to misdemeanors. (*People v. Bush* (2016) 245 Cal.App.4th 992, 1000.) The court granted appellant's application.

On July 30, 2020, appellant filed a "Proposition 47 Motion Application/Petition for Resentencing . . . § 1170.18 (a) & (f)." Appellant requested that his current felony sentence be recalled and that he be resentenced pursuant to section 1170.18 in light of the court's prior order re-designating his 2006 conviction a misdemeanor. The court denied the application in August 2020, ruling that neither of appellant's current convictions (assault with a deadly weapon and felony hit and run) were eligible for Proposition 47 relief.

By letter dated October 6, 2020, appellant requested that the court "reduc[e] [his] release date" based on the court's prior re-designation of his 2006 conviction to a misdemeanor, which was used to impose an additional one-year term of imprisonment under section 667.5, subdivision (b). The court denied appellant's second request, noting that it lacked jurisdiction to modify appellant's sentence, which had been deemed final before the change in law.[4] Appellant timely appealed.

Appellant's appointed counsel filed a brief raising no issues and invoking *Serrano, supra,* 211 Cal.App.4th 496. Under *Serrano,* when

---

[4]    Several clerical errors appear in the court's order. The order states that appellant was convicted in 2016. But appellant was convicted in this case in 2010, and was serving a term of imprisonment based in part on his 2006 burglary conviction. The order also references Senate Bill No. 136, which was not raised by appellant in his application or request, and is not at issue in this appeal.

appointed counsel raises no issues in an appeal from an order denying post-judgment relief, an appellate court need not independently review the record. (*Id.* at p. 498; accord, *People v. Scott* (2020) 58 Cal.App.5th 1127, 1130–1131, rev. granted Mar. 17, 2021, S266853.) On May 7, 2021, we directed counsel to send the record and a copy of the brief to appellant, and notified appellant of his right to file a supplemental brief within 30 days. We have received no supplemental brief.

Because neither appellant nor his appointed counsel has raised any claim of error, we dismiss the appeal as abandoned. (See *Serrano*, *supra*, 211 Cal.App.4th at pp. 503–504; *People v. Kisling* (2015) 239 Cal.App.4th 288, 292, fn. 3.)

## DISPOSITION

The appeal is dismissed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


WILLHITE, J.

We concur:


MANELLA, P. J.


CURREY, J.