Filed 12/31/25  P. v. Harvey CA2/8

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>　　v.<br><br>HAROLD EMANUEL HARVEY,<br><br>　　　Defendant and Appellant. | B342473<br><br>(Los Angeles County<br>Super. Ct. No. BA384162-01) |

APPEAL from an order of the Superior Court of Los Angeles County, Robert C. Vanderet, Judge.  Affirmed.

Michael H. Casey, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

————————————————

Pursuant to *People v. Delgadillo* (2022) 14 Cal.5th 216, we review an order denying Harold Emanuel Harvey's petition for resentencing under Penal Code[1] section 1170.18. We affirm.

On November 15, 2012, a jury found Harvey guilty of three counts of second degree robbery in violation of section 211 and one count of grand theft of personal property in violation of section 487, subdivision (a). The jury also found true a firearm enhancement within the meaning of section 12022.53, subdivision (b) as to count 1 and bail enhancements under section 12022.1 as to counts 2, 3, and 4. On November 29, 2012, the trial court sentenced Harvey to an aggregate term of 17 years eight months in state prison. The sentence consisted of the midterm of three years plus 10 years for the firearm enhancement on the count 1 robbery; one-third the midterm (one year) and one-third the enhancement (eight months) for each of robberies in counts 2 and 3; and one-third the midterm (eight months) plus one-third the enhancement (eight months) for grand theft of personal property in count four. We affirmed the judgment of conviction. (*People v. Harvey* (Apr. 25, 2014, B245606) [nonpub. opn.].)

For context only, we recite the facts as set forth in our affirmance of the judgment of conviction. Harvey was convicted of robbing three people of gold chains they were wearing at the time of the robberies (counts 1, 2, 3). Harvey was also convicted of grand theft of personal property, to wit, taking a backpack filled with jewelry and other items which had been placed at a basketball court while the owner was playing basketball (count 4). The items in the backpack were a $1,500 gold

---

[1] Undesignated statutory references are to the Penal Code.

necklace, a $200 iPod, a $300 gold watch, a $500 cell phone, and a wallet holding $200. (*People v. Harvey, supra,* B245606.)

On August 19, 2024, Harvey filed a petition for resentencing pursuant to section 1170.18. Harvey asked for an "evidentiary hearing" as to the value of property taken in count four, grand theft of personal property. He argued the value of the stolen items was less than $950 and therefore the count 4 felony should be reduced to a misdemeanor.

The trial court summarily denied Harvey's petition on October 31, 2024. The court determined "Petitioner has not satisfied the criteria laid out in PC section 1170.18(a) in that the value of the items he was charged with taking—gold necklace, iPod, cell phone, a gold watch, and a wallet containing $200— exceeded $950, and therefore the offense for which he was convicted would not have been a misdemeanor." Harvey filed a timely notice of appeal.

We appointed counsel to represent Harvey on appeal. On October 20, 2025, counsel filed a no issue brief pursuant to *People v. Delgadillo.* Counsel advised us they told Harvey he could file his own supplemental brief within 30 days and they sent him transcripts of the record on appeal as well as a copy of the brief.

On October 20, 2025, this court sent Harvey notice that a brief raising no issues had been filed on his behalf. We advised him he had 30 days within which to submit a supplemental brief or letter stating any issues he believes we should consider. We also advised him that if he did not file a supplemental brief, the appeal may be dismissed as abandoned.

On November 17, 2025, Harvey filed a supplemental brief. He contends he was wrongfully convicted of felony grand theft of personal property in count 4 because the value of the stolen items

was less than $950, rendering the offense a misdemeanor. In support of his contention, Harvey submitted a sworn affidavit from one of his brothers who actually sold the watch, necklace, and iPod to the victim for $200 and who stated the victim made a false statement of the value of the property to the police because he believed he would be immediately reimbursed by the police.

## DISCUSSION

"California voters approved Proposition 47 on November 4, 2014, and it became effective the next day. (§ 1170.18; Cal. Const., art. II, § 10, subd. (a).) Proposition 47 added section 1170.18, which reduced punishment for the specified drug and theft offenses from straight felonies and wobblers to misdemeanors. [Citation.] Proposition 47 achieved this objective in two separate ways, by providing prospective relief and by providing retrospective relief." (*People v. Bush* (2016) 245 Cal.App.4th 992, 1000 (*Bush*).) Prospective relief under Proposition 47 does not apply to defendants already sentenced when Proposition 47 took effect. (*Ibid.*) Harvey, sentenced in 2012, is not entitled to prospective relief.

Under Proposition 47, defendants "who *presently* were *serving* a sentence for a conviction under one of the six specified statutes can *file petitions* for resentencing as misdemeanors under the present versions of the statute if doing so would not present an unreasonable risk of danger to public safety." (*Bush*, *supra*, 245 Cal.App.4th at p. 1000.)

Subdivision (b) of section 1170.18 provides that upon receiving a petition under subdivision (a), the trial court shall determine whether the petitioner satisfies the criteria in subdivision (a). The offenses to which section 1170.18, subdivision (a) applies are Health and Safety Code sections

4

11350, 11357, and 11377 and Penal Code sections 459.5 (shoplifting), 473 (forgery), 476a (check fraud), 490.2 (petty theft repeat offender), 496 (receiving stolen property) and 666 (petty theft with a prior theft-related conviction).  (§ 1170.18, subd. (a); *Bush, supra*, 245 Cal.App.4th at p. 1004.)

The statute only authorizes " 'consideration of resentencing for anyone who is currently serving a sentence for any of the offenses *listed herein* that are now misdemeanors.'  (Italics added; see Stats. 2014, ch. 861, § 1, eff. Jan. 1, 2015.)" (*Bush, supra* 245 Cal.App.4th at p. 1004.)  Harvey was convicted of violations of sections 211 and 487.  Neither of these offenses is listed in the statute.  Harvey is ineligible for relief.

## DISPOSITION

The order is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

STRATTON, P. J.

We concur:

WILEY, J.

VIRAMONTES, J.

5