Filed 8/5/15; pub. order 8/24/15 (see end of opn.); received for posting 8/27/15

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G051280 |
| v. | (Super. Ct. No. 13HF1934) |
| CARLOS HUMBERTO SEGURA, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from an order of the Superior Court of Orange County, Jonathan S. Fish, Judge. Affirmed.

Patrick J. Hennessey, Jr., under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Julie L. Garland, Assistant Attorney General, Arlene A. Sevidal and Amanda E. Casillas, Deputy Attorneys General, for Plaintiff and Respondent.

\*          \*          \*

Approximately two years ago, defendant Carlos Humberto Segura pleaded guilty to two crimes: second degree burglary (Pen. Code, §§ 459, 460, subd. (b)) and conspiracy to commit theft (Pen. Code, §§ 182, subd. (a)(1), 484, subd. (a), 488), both felonies at the time. He admitted he had unlawfully entered a 7-Eleven store with the intent to commit larceny and had conspired with two codefendants to commit a theft.

After the passage of Proposition 47, defendant petitioned the court for resentencing and asked that both felony convictions be reduced to misdemeanors. The trial court granted the requested reduction on the second degree burglary conviction, but denied it on the conspiracy conviction. He appeals from the denial of his petition as to the conspiracy conviction.

We affirm the order because Proposition 47 does not apply to convictions for conspiracy.

The resentencing procedure is authorized under conditions specified in Penal Code section 1170.18, the statute implementing voter-approved Proposition 47. Section 1170.18 specifies the sections of the Health and Safety Code and Penal Code to which it applies. (Pen. Code, § 1170.18, subds. (a), (b).) It does not include Penal Code section 182, the conspiracy count. Thus, the trial court correctly concluded it lacked the statutory authorization to resentence defendant on the conspiracy count. "'If the language of a statute is unambiguous, the plain meaning controls.'" (*People v. Leiva* (2013) 56 Cal.4th 498, 506.) And here there is no ambiguity.

Defendant argues we should consider the "spirit evidenced by the voters in enacting Proposition 47." He describes this "spirit" as an intent "to insure that *all* thefts of property, where the value of the property is less than $950 and the petitioner has no disqualifying prior convictions, will be classified as misdemeanor offenses." He contends, without any support in the record, that "in this case the conspiracy appears to have been charged as an act of the defendants that was inextricably bound with the commission of the petty theft inside the convenience store." Since we were provided with

a very limited factual record, we do not know if this assertion is correct. But, even if true, we are not authorized to amend the statute in the manner suggested by defendant. We recongnize "'"'"[i]t is a settled principle of statutory interpretation that language of a statute should not be given a literal meaning if doing so would result in absurd consequences which the Legislature did not intend.' [Citations.]"'"' (*People v. Delarosarauda* (2014) 227 Cal.App.4th 205, 210.) But we cannot conclude a literal interpretation of the statute's omission of the crime of conspiracy leads to such an "absurd result." Crimes committed pursuant to a conspiracy present a greater evil than crimes committed by an individual. As the court long ago realized, "a group of evil minds planning and giving support to the commission of crime is more likely to be a menace to society than where one individual alone sets out to violate the law." (*People v. Welch* (1928) 89 Cal.App. 18, 22.)

DISPOSITION

The order is affirmed.

RYLAARSDAM, ACTING P. J.

WE CONCUR:

FYBEL, J.

THOMPSON, J.

3

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>CARLOS HUMBERTO SEGURA,<br><br>    Defendant and Appellant. | G051280<br><br>(Super. Ct. No. 13HF1934)<br><br>ORDER CERTIFYING OPINION<br>FOR PUBLICATION |

Plaintiff and Respondent The People has requested that our opinion filed on August 5, 2015, be certified for publication.  It appears that our opinion meets the standards set forth in California Rules of Court, rule 8.1105(c).  The request is GRANTED.  The opinion is ordered published in the Official Reports.



                                        RYLAARSDAM, ACTING P. J.

WE CONCUR:


FYBEL, J.


THOMPSON, J.

4