Filed 2/29/16  P. v. Robinson CA2/1

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE, | B261644 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. KA101498) |
| v. | |
| MARK ROBINSON, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County.  Wade Olson, Commissioner.  Affirmed.

_____

Myra Sun, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Mary Sanchez and Andrew S. Pruitt, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Appellant Mark Robinson appeals from the trial court's denial of his petition for recall of his sentence and resentencing under Penal Code section 1170.18[1], on his convictions of three counts of felony second degree burglary. He argues that the trial court should have resentenced him because Proposition 47, the Safe Neighborhood and Schools Act, reclassifies his crimes as misdemeanors. He further claims that if section 1170.18 does not require resentencing, equal protection entitles him nonetheless to resentencing because he is similarly situated to a person whose criminal conduct falls within Proposition 47. We disagree. Proposition 47 does not reclassify all commercial burglaries as misdemeanors, and appellant failed to carry his burden to show that his crimes would qualify for resentencing. Appellant also has not demonstrated that his sentence violates equal protection. Accordingly, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

On April 9, 2014, the trial court sentenced appellant to three years in prison under section 1170, subdivisions (h)(1) and (h)(2) based on conviction of three counts of violating section 459, second degree burglary. On December 1, 2014, appellant filed a petition for recall of his sentence and resentencing under section 1170.18. Appellant did not support his petition with any evidence disclosing the nature or circumstances of his burglary convictions. His counsel, however, alleged that "according to the arrest report" the value of the items taken was under $950. During the hearing on the petition, the prosecutor stated that appellant's convictions involved "burglary at L.A. Fitness of the patrons' lockers." The trial court denied the petition. Appellant timely appeals.

## DISCUSSION

I. *The Trial Court Did Not Err In Denying Appellant's Petition.*

Appellant's burglary convictions under section 459 are not among the enumerated offenses that are now classified as misdemeanors by Proposition 47 and thus, are not eligible for reclassification under section 1170.18. (See § 1170.18, subd. (a).) Appellant argues, however, that the voters intended Proposition 47 to apply to crimes in addition to

---

[1] All statutory references are to the Penal Code unless otherwise indicated.

those expressly enumerated in section 1170.18. He maintains that *all* second degree burglaries from commercial establishments of property valued less than $950 should be reclassified under Proposition 47 to fulfill the voters' intent to treat all nonserious, nonviolent crimes as misdemeanors.

Recently in *People v. Gonzales* (2015) 242 Cal.App.4th 35, 40, Division One of the Fourth District Court of Appeal rejected this argument. The court concluded that under the statutory interpretation principle of *unius est exclusion alterius,* the omission of certain theft crimes from Proposition 47 was purposeful, demonstrating the voters' intent to exclude some theft crimes from the resentencing provisions of the law. (*Ibid.*) We agree with *Gonzales.*

Nothing in Proposition 47, or in the related ballot materials, indicates that the voters intended the new law to apply to every theft and burglary crime. (*People v. Segura* (2015) 239 Cal.App.4th 1282, 1284 [rejecting the argument that the "spirit" of Proposition 47 requires the redesignation of all thefts or property involving less than $950].) Indeed, where, as here, "the language [of the initiative] is not ambiguous, we presume the voters intended the meaning apparent from that language, and we may not add to the statute or rewrite it to conform to some assumed intent not apparent from that language." (*People v. Superior Court (Pearson)* (2010) 48 Cal.4th 564, 571.)

In addition, appellant has not demonstrated that his convictions are eligible for resentencing under Proposition 47's new misdemeanor offenses, section 459.5 [shoplifting][2] or section 490.2 [petty theft].[3] Proposition 47 entitles a person to relief if

---

**2** Section 459.5 provides, in pertinent part: "Notwithstanding Section 459, shoplifting is defined as entering a commercial establishment with intent to commit larceny while that establishment is open during regular business hours, where the value of the property that is taken or intended to be taken does not exceed nine hundred fifty dollars ($950). Any other entry into a commercial establishment with intent to commit larceny is burglary." (§ 459.5, subd. (a).)

**3** Section 490.2 provides, in pertinent part: "[O]btaining any property by theft where the value of the money, labor, real or personal property taken does not exceed nine hundred fifty dollars ($950) shall be considered petty theft and shall be punished as a misdemeanor." (§ 490.2, subd. (a).)

3

he or she "would have been guilty of a misdemeanor . . . had [Proposition 47] been in effect at the time of the offense." (§ 1170.18, subd. (f).) Consequently, appellant's entitlement to resentencing on his second degree burglary convictions turns on whether those burglaries "would have been" treated as shoplifting under section 459.5 or petty theft under section 490.2. (See *People v. Rivas–Colon* (2015) 241 Cal.App.4th 444, 449 [so holding]; *People v. Contreras* (2015) 237 Cal.App.4th 868, 892 [same].) Appellant shoulders the burden to show that his crimes are the equivalent of these new misdemeanor offenses, and are thus eligible for resentencing. (*People v. Sherow* (2015) 239 Cal.App.4th 875, 879-880 ["A proper petition could certainly contain at least [defendant's] testimony about the nature of the items taken. If he made the initial showing the court can take such action as appropriate to grant the petition or permit further factual determination."].)

Here appellant has not demonstrated that his convictions are similar to the new Proposition 47 misdemeanor offenses. Appellant did not support his petition for resentencing with any evidence from the record of his burglary convictions. In the petition, his counsel claimed that the value of the items taken did not exceed $950, and at the hearing, the prosecutor stated that appellant burglarized patrons' lockers at an L.A. Fitness club. The record before this court, however, contains nothing to substantiate these allegations. Moreover, with respect the application of section 459.5, appellant did not even allege that his crimes occurred while the establishment was "open during regular business hours." On this basis alone, appellant is disqualified from resentencing under section 1170.18. (See *People v. Perkins* (2016) 244 Cal.App.4th 129, 136-137 [defendant did not meet his burden of providing evidence to establish he was eligible for resentencing under section 1170.18, where petition provided no information on the nature and value of the stolen property to aid the superior court in determining whether defendant was eligible for resentencing]; *People v. Sherow*, *supra*, 239 Cal.App.4th at p. 877.) The trial court, therefore, properly denied his petition.

II.     *Appellant's Punishment Does Not Violate His Right To Equal Protection.*

Appellant further contends his punishment violates his right to equal protection because he is similarly situated to a person charged with a "simple theft" and that his acts are categorically like a shoplifter.  As explained above, however, appellant has not demonstrated that his crimes are the equivalent to a section 459.5 shoplifting offense.  Thus, he cannot establish he is similarly situated to persons who have violated section 459.5, which is fatal to his equal protection claim.  (See *People v. Brown* (2012) 54 Cal.4th 314, 328-330 [the equal protection clause only applies when the state treats similarly situated persons in a disparate manner].)

Even if appellant satisfied the similarly-situated requirement, "'neither the existence of two identical criminal statutes prescribing different levels of punishments, nor the exercise of a prosecutor's discretion in charging under one such statute and not the other, violates equal protection principles.' [Citation.]" (*People v. Page* (2015) 241 Cal.App.4th 714, 719.)  The state has considerable discretion to choose which punishment is suitable for a particular offender when the conduct violates more than one statute.  So too does it have broad authority to decide which offenders may qualify for leniency under a sentence reduction scheme such as Proposition 47.  (*Ibid*.)  Just because Proposition 47 provides for the possibility of sentence reduction for a limited subset of those previously convicted of felony theft crimes, but not those convicted of other theft crimes, does not mean the law violates equal protection.  (*Id*. at pp. 719-720.)  Unless a defendant seeking Proposition 47 relief can show he has been singled out for differential treatment based on some invidious criteria, the court will not find an equal protection violation.  (*Ibid*.)  Because appellant has not made such a showing, his equal protection claim fails.

**DISPOSITION**

The judgment is affirmed.

<u>NOT TO BE PUBLISHED</u>.

ROTHSCHILD, P. J.

We concur:

CHANEY, J.

LUI, J.