Filed 6/6/16  P. v. Wynn CA4/3

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G051363 |
| v. | (Super. Ct. No. 14WF2539) |
| JESSE MICHAEL WYNN, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from an order of the Superior Court of Orange County, Jonathan S. Fish, Judge.  Affirmed.

Richard Schwartzberg, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Eric A. Swenson and Jennifer B. Troung, Deputy Attorneys General, for Plaintiff and Respondent.

\*          \*          \*

Defendant Jesse Michael Wynn appeals the trial court's denial of his petition pursuant to Penal Code section 1170.18.[1] He argues that conspiracy to commit petty theft qualifies him for resentencing under the statute. This court, however, has already decided that conspiracy offenses do not qualify for resentencing under section 1170.18. (*People v. Segura* (2015) 239 Cal.App.4th 1282 (*Segura*).) We therefore affirm the order.

I

FACTS

Pursuant to a plea bargain, in July 2014 defendant pleaded guilty to one count of receiving stolen property (§ 496, subd. (a)), one count of conspiracy to commit petty theft (§§ 182, subd. (a)(1), 488), one count of resisting and obstructing an officer (§ 148, subd. (a)(1)) and two counts of contributing to the delinquency of a minor (§ 272, subd. (a)(1)). The court suspended imposition of sentence, and ordered defendant to serve 120 days in county jail. Defendant was also placed on three years of formal probation.

In November 2014, the voters approved Proposition 47, which reclassified certain offenses from felonies to misdemeanors and created a postconviction resentencing procedure for those convicted of felony offenses that have been reclassified. (§ 1170.18; *People v. Rivera* (2015) 233 Cal.App.4th 1085, 1091-1093.) Defendant thereafter filed a petition to reduce his conviction for receiving stolen property and conspiracy to commit petty theft to misdemeanors. The court granted the petition as to the conviction for receiving stolen property, but denied it on the conspiracy count. Defendant now appeals.

---

[1] Subsequent statutory references are to the Penal Code unless otherwise indicated.

II

DISCUSSION

The only issue on appeal is whether a conspiracy to commit a crime enumerated in section 1170.18 is eligible to be reduced to a misdemeanor.

Section 1170.18, subdivisions (a) and (b) state the offenses for which resentencing is authorized. Individuals convicted of such crimes "may petition for a recall of sentence before the trial court that entered the judgment of conviction in his or her case to request resentencing in accordance with Sections 11350, 11357, or 11377 of the Health and Safety Code, or Section 459.5, 473, 476a, 490.2, 496, or 666 of the Penal Code, as those sections have been amended or added by this act."[2] (§ 1170.18, subd. (a).)

Defendant was not convicted of any of the enumerated offenses; rather, he was convicted of conspiracy to commit petty theft, a crime not included in section 1170.18. Defendant admits this, but argues that the intent of the electorate in adopting Proposition 47 should be interpreted to include a conspiracy to commit any eligible offense.

*Segura*[3] addressed this very issue. The defendant in that case had pleaded guilty to conspiracy to commit theft, and after the passage of Proposition 47, applied to have that count reduced to a misdemeanor. (*Segura*, *supra*, 239 Cal.App.4th at pp. 1283-1284.) "Defendant argues we should consider the 'spirit evidenced by the voters in enacting Proposition 47.' He describes this 'spirit' as an intent 'to insure that *all* thefts of

---

[2] Health and Safety Code sections 11350, 11357, and 11377 all deal with possession of controlled substances. The Penal Code sections address the following crimes: Sections 459.5 (shoplifting with a value of $950 or less), 473 (forgery of a document with a value of $950 or less), 476a (issuing a check for $950 or less with insufficient funds), 490.2 (petty theft with a value of $950 or less), and 666 (petty theft with a prior theft).

[3] After defendant's opening brief was filed, this court decided *Segura*, *supra*, 239 Cal.App.4th 1282. Respondent addressed *Segura* in its brief, and defendant had the opportunity to respond in his reply brief.

3

property, where the value of the property is less than $950 and the petitioner has no disqualifying prior convictions, will be classified as misdemeanor offenses.' He contends, without any support in the record, that 'in this case the conspiracy appears to have been charged as an act of the defendants that was inextricably bound with the commission of the petty theft inside the convenience store.' Since we were provided with a very limited factual record, we do not know if this assertion is correct. But, even if true, we are not authorized to amend the statute in the manner suggested by defendant. We recongnize "'"'"[i]t is a settled principle of statutory interpretation that language of a statute should not be given a literal meaning if doing so would result in absurd consequences which the Legislature did not intend." [Citations.]'"' [Citation.] But we cannot conclude a literal interpretation of the statute's omission of the crime of conspiracy leads to such an 'absurd result.' Crimes committed pursuant to a conspiracy present a greater evil than crimes committed by an individual. As the court long ago realized, 'a group of evil minds planning and giving support to the commission of crime is more likely to be a menace to society than where one individual alone sets out to violate the law.' [Citation.]" (*Id.* at p. 1284.)

*Segura* controls here, and despite defendant's invitation to do so, we decline to reconsider its holding.

4

### III

### DISPOSITION

The order denying the petition is affirmed.

MOORE, ACTING P. J.

WE CONCUR:

IKOLA, J.

THOMPSON, J.

5