Filed 6/7/16  P. v. Graham CA2/8

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE, | B265704 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. PA052648) |
| v. | |
| RORY GRIFFIN GRAHAM, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County.  Cynthia L. Ulfig, Judge.  Affirmed.

Law Offices of Daniel I. Kapelovitz and Daniel I. Kapelovitz, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Susan Sullivan Pithey and Mary Sanchez, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Rory Griffin Graham appeals from a denial of his petition for resentencing under Proposition 47, the Safe Neighborhoods and Schools Act (Pen. Code, § 1170.18;[1] Proposition 47). We affirm.

## FACTS

Graham pled no contest to one count of felony conspiracy to commit second degree commercial burglary on September 22, 2004. (§§ 182, 459.) He was sentenced to 134 days in Santa Barbara County Jail and granted three years supervised probation. On May 18, 2015, Graham filed a petition for resentencing pursuant to Proposition 47. (§ 1170.18, subds. (b) & (g).) Graham sought to have his felony sentence recalled and his felony designated a misdemeanor pursuant to section 1170.18, subdivisions (a) through (e).

On May 18, 2015, the trial court denied the petition after considering the parties' arguments regarding whether Proposition 47 applied to conspiracy convictions and after reviewing the police report. It did not address Proposition 47's application to conspiracy convictions. Instead, it reasoned, "this does not seem . . . to the court this is a casual user that was just going in to steal something, it appears there were drugs involved, there were other items involved, and there was a thought process beyond that of going in and stealing an item because he was hungry. [¶] . . . the court does not feel it falls within the category as designated pursuant to Penal Code section 1170.18(a) through (e)." Graham timely appealed.

## DISCUSSION

Section 1170.18, the statute implementing Proposition 47, reclassifies certain felony theft offenses to misdemeanors—specifically, those set forth in sections 459.5 (shoplifting), 473 (forgery), 476a (insufficient funds), 490.2 (petty theft), 496 (receiving stolen property), and 666 (thefts with prior convictions). (§ 1170.18, subd. (a).) Section 1170.18 also authorizes persons who have been convicted of those enumerated offenses and who have completed their sentences to apply to the trial court "to have the felony

---

[1] All further section references are to the Penal Code unless otherwise specified.

2

conviction or convictions designated as misdemeanors." (§ 1170.18, subd. (f).) The petitioner has the initial burden of establishing eligibility for resentencing under section 1170.18, subdivision (a), by demonstrating the crime would have been a misdemeanor had Proposition 47 been in effect at the time the crime was committed and the value of the property did not exceed $950. (*People v. Sherow* (2015) 239 Cal.App.4th 875; *People v. Rivas-Colon* (2015) 241 Cal.App.4th 444.)

Graham contends on appeal he is eligible for resentencing under Proposition 47 because it applies to conspiracy counts when the underlying offense is Proposition 47 eligible. We review the matter de novo to the extent it involves a question of statutory construction. (*People v. Tran* (2015) 61 Cal.4th 1160, 1166.)

The Fourth District in *People v. Segura* (2015) 239 Cal.App.4th 1282 (*Segura*), recently held Proposition 47 does not apply to convictions for conspiracy. The *Segura* court found section 1170.18 specifies the sections of the Health and Safety Code and Penal Code to which it applies and section 182 is not one. (*Segura, supra,* at p. 1284.) It further declined to amend section 1170.18 to include conspiracy crimes, reasoning, "[c]rimes committed pursuant to a conspiracy present a greater evil than crimes committed by an individual. As the court long ago realized, 'a group of evil minds planning and giving support to the commission of crime is more likely to be a menace to society than where one individual alone sets out to violate the law.'" (*Segura, supra,* at p. 1284, quoting *People v. Welch* (1928) 89 Cal.App. 18, 22.) We agree. Thus, Graham is not eligible to have his felony conviction reclassified as a misdemeanor under Proposition 47.

Nevertheless, Graham argues the trial court erred in denying his petition because section 182 requires a defendant convicted of conspiracy to commit a felony to be punished "in the same manner and to the same extent as is provided for the punishment of that felony." (§ 182, subd. (a)(6).) Graham urges us to reconcile this language in section 182 with Proposition 47 so that "a conviction for a conspiracy to commit any felony that is Prop 47 eligible is also Prop 47 eligible." The underlying felony in this case, however,

3

is second degree commercial burglary (§ 459), which is not one of the crimes eligible to be reclassified under section 1170.18. (See § 1170.18, subd. (a).)

Undeterred, Graham asserts the underlying crime would have been a Proposition 47 eligible crime—petty theft under section 490.2 or shoplifting under section 459.5 or forgery under section 473—had Proposition 47 been in effect when he committed the crime in 2005. However, there is nothing in the record to show the facts of the underlying case. At oral argument, Graham's counsel indicated this issue was never addressed below because there was no dispute that the value of the property was less than $950 and that the crime would have been a misdemeanor had Proposition 47 been in effect at the time. The parties argued solely about whether Proposition 47 applied to conspiracy convictions. The Attorney General acknowledged the record was scant, but argued Graham could have also been charged with identity theft, which is not a Proposition 47 eligible crime. Given that it is Graham's burden to establish eligibility for resentencing and his burden to provide a complete record on appeal, Graham has failed to present sufficient evidence about the underlying crime to allow us to determine whether it could have been a Proposition 47 eligible crime. (*People v. Sherow*, *supra*, 239 Cal.App.4th 875; *People v. Rivas-Colon, supra,* 241 Cal.App.4th 444.)

In any case, we decline to extend Proposition 47's reach so far beyond its plain language. Graham pled no contest to conspiracy to commit felony second degree burglary; he was not simply convicted of felony second degree burglary. The crime of conspiracy would not have been a misdemeanor had Proposition 47 been in effect at the time the crime was committed.

## DISPOSITION

The judgment is affirmed.


                                                        BIGELOW, P.J.

We concur:


            RUBIN, J.                    FLIER, J.

4