Filed 8/1/16  P. v. Ratliff CA2/3

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | B264587 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. YA022871) |
| v. | |
| DEVERON JACQUES RATLIFF, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Eric C. Taylor, Judge.  Affirmed.

John L. Staley, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

On April 27, 1995, defendant and appellant Deveron Jacques Ratliff was convicted of conspiracy to commit a crime (Pen. Code, § 182, subd. (a)(1)).[1] He was sentenced to a prison term of two years.

On April 24, 2015, Ratliff petitioned to have this felony conviction designated as a misdemeanor under Proposition 47. That same day, the trial court denied Ratliff's petition because his conviction was not an offense covered by Proposition 47. Ratliff filed a timely notice of appeal on May 14, 2015.

We appointed counsel to represent Ratliff on appeal. After reviewing the record, counsel filed an opening brief requesting this court to independently review the record pursuant to the holding of *People v. Wende* (1979) 25 Cal.3d 436, 441. We directed counsel to send the record on appeal and a copy of the opening brief to Ratliff, and notified defendant he had 30 days within which to personally submit any contentions or issues that he wished us to consider. Ratliff filed a supplemental opening brief on April 26, 2016.

Proposition 47, enacted by voters on November 4, 2014 and effective the following day, reduces certain drug and theft offenses to misdemeanors unless committed by ineligible defendants. (*People v. Lynall* (2015) 233 Cal.App.4th 1102, 1108.) Proposition 47 provides, in pertinent part: "(a) A person currently serving a sentence for a conviction . . . of a felony . . . who would have been guilty of a misdemeanor under the act . . . had this act been in effect at the time of the offense may petition for a recall of sentence . . . to request resentencing in accordance with Sections 11350, 11357, or 11377 of the Health and Safety Code, or Section 459.5, 473, 476a, 490.2, 496, or 666 of the Penal Code, as those sections have been amended or added by this act." (§ 1170.18, subd. (a).) Subdivision (f) of section 1170.18 provides: "A person who has completed his or her sentence for a conviction, whether by trial or plea, of a felony or felonies who would have been guilty of a misdemeanor under this act had this act been in effect at the time of the offense, may file an application before the trial court that entered the

---

[1]     All further statutory references are to the Penal Code unless otherwise specified.

judgment of conviction in his or her case to have the felony conviction or convictions designated as misdemeanors."

The trial court properly denied Ratliff's petition "because Proposition 47 does not apply to convictions for conspiracy." (*People v. Segura* (2015) 239 Cal.App.4th 1282, 1284.)

Ratliff's supplemental opening brief addresses numerous issues concerning the validity of prior serious felony conviction findings he has sustained, issues that have nothing to do with his petition for Proposition 47 relief.

We are satisfied that appellate counsel has fully complied with his responsibilities and that no arguable appellate issue exists. (*Smith v. Robbins* (2000) 528 U.S. 259, 278 [120 S.Ct. 746]; *People v. Kelly* (2006) 40 Cal.4th 106, 110.)

## DISPOSITION

The trial court's order is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


EDMON, P. J.

We concur:



ALDRICH, J.




LAVIN, J.