Filed 8/19/16  P. v. Weaver CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for
publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication
or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

THE PEOPLE,

      Plaintiff and Appellant,

v.

RONALD WAYNE WEAVER,

      Defendant and Respondent.

E065362

(Super.Ct.No. PEF003804)

OPINION

APPEAL from the Superior Court of Riverside County.  Becky Dugan, Judge.

Affirmed.

Michael A. Hestrin, District Attorney, and Donald W. Ostertag, Deputy District

Attorney, for Plaintiff and Appellant.

John F. Schuck, under appointment by the Court of Appeal, for Defendant and

Respondent.

I

## INTRODUCTION

The People appeal an order granting defendant Ronald Weaver's application for

1

reduction of his felony commercial burglary conviction to misdemeanor shoplifting under Proposition 47, the Safe Neighborhoods and Schools Act. (Pen. Code, §§ 1170.18, 459, 459.5.)[1] The People request this court to reverse the order on the ground defendant's burglary conviction is ineligible for reduction because there is evidence defendant intended to commit a conspiracy when he committed the burglary. We disagree and affirm the judgment.

## II

## FACTUAL AND PROCEDURAL BACKGROUND

In 2000, the People charged defendant by felony information with commercial burglary (count 1; § 459) and petty theft with a prior (count 2; § 666). The People additionally alleged defendant had three prison priors (§ 667.5, subd. (b)). Count 1 of the information states that on January 18, 2000, defendant willfully and unlawfully entered a Home Depot store with intent to commit theft and a felony. Count 2 alleges that in a separate but related offense also committed on January 18, 2000, defendant willfully and unlawfully stole personal property from Home Depot.

On March 1, 2000, pursuant to an oral plea agreement, defendant pled guilty to commercial burglary (count 1; § 459). In return, the court sentenced defendant to two years in state prison and dismissed the remaining count and allegations. On March 1, 2000, defendant also signed a felony plea form, acknowledging he agreed to plead guilty

---

[1] Unless otherwise noted, all statutory references are to the Penal Code.

to count 1, burglary, in exchange for a two-year sentence and dismissal of the remaining charges and allegations.

On April 14, 2015, defendant filed a form application for reduction of his felony commercial burglary conviction to a misdemeanor under section 1170.18, subdivision (f) (felony reduction application). Defendant's attorney stated on the form application, under penalty of perjury, that "Defendant believes the value of the check or property does not exceed $950," and that defendant had completed his sentence on the felony. The People filed a form response objecting to defendant's felony reduction application on the ground defendant had not met his burden of proof.

The trial court sent the parties a notice of setting a hearing on defendant's felony reduction application for the purpose of determining the facts of the commercial burglary offense. The hearing notice stated: "Need facts of 459 (2nd) PC."[2]

On January 8, 2016, the court granted defendant's felony reduction application, and ordered defendant's commercial burglary felony reduced to misdemeanor shoplifting (§ 459.5). During the hearing on the felony reduction application, defendant's attorney informed the court that "[t]he codefendant in this matter stole a package of Velcro and intended to return it for cash. The total is $94.50."

---

[2] The court indicated on the form notice that defendant was still serving a sentence on the felony count but this appears to have been incorrect. Defendant may have still been in custody, serving a sentence on another conviction, but would not have still been in custody for the commercial burglary count, since the term was two years and defendant pled guilty in March 2000.

3

In response, the prosecutor requested to file the police report under seal and argued that defendant's commercial burglary conviction was not eligible for reduction to a misdemeanor under Proposition 47 because it was an uncharged conspiracy. The prosecutor noted that the police report indicated that Anthony Morgan told the police he was approached by defendant before entering the Home Depot store with defendant. Defendant suggested they go to the Home Depot, steal items from the store, and then shortly thereafter return the stolen items to the store and exchange them for cash. Their plan was to steal the box of Velcro and return it for cash. The prosecutor argued that the offense was ineligible for sentence reduction because conspiracy theft is a wobbler, and therefore defendant's conviction should remain a felony conviction. The trial court disagreed, noting conspiracy was not charged and there was no information on whether Morgan was charged in the case. The court found that defendant's commercial burglary offense was eligible for reduction to a misdemeanor and ordered the police report filed under seal.

III

ELIGIBILITY FOR SENTENCE REDUCTION

The People contend defendant's burglary conviction is ineligible for reduction to a misdemeanor pursuant to section 1170.18 because defendant failed to meet his burden of proving eligibility. We disagree.

A. *Applicable Law*

"'On November 4, 2014, the voters enacted Proposition 47, "the Safe Neighborhoods and Schools Act" (hereafter Proposition 47), which went into effect the

4

next day.  [Citation.]'  [Citation.]  Section 1170.18 'was enacted as part of Proposition 47.'  [Citation.]  Section 1170.18 provides a mechanism by which a person currently serving a felony sentence for an offense that is now a misdemeanor, may petition for a recall of that sentence and request resentencing in accordance with the offense statutes as added or amended by Proposition 47.  [Citation.]  A person who satisfies the criteria in subdivision (a) of section 1170.18, shall have his or her sentence recalled and be 'resentenced to a misdemeanor . . . unless the court, in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety.' [Citation.]"  (*T.W. v. Superior Court* (2015) 236 Cal.App.4th 646, 649, fn. 2 (*T.W.*).)

"Section 1170.18, subdivision (a) provides:  'A person currently serving a sentence for a conviction, *whether by trial or plea*, of a felony or felonies who would have been guilty of a misdemeanor under the act that added this section ('this act') had this act been in effect at the time of the offense may petition for a recall of sentence before the trial court that entered the judgment of conviction in his or her case to request resentencing . . . .'"  (*T.W., supra,* 236 Cal.App.4th at p. 651.)

"[S]ection 1170.18 clearly and unambiguously states, 'A person currently serving a sentence for a conviction, *whether by trial or plea*' of eligible felonies may petition for resentencing to a misdemeanor.  [Citation.]"  (*T.W., supra,* 236 Cal.App.4th at p. 652.) "After a petitioner is found to be eligible, the trial court must grant the petition for reduction of sentence unless the court finds in its discretion that the petitioner poses an unreasonable risk of committing a very serious crime.  [Citation.]  The statute does not otherwise automatically disqualify a petitioner and nothing in section 1170.18 reflects an

5

intent to disqualify a petitioner because the conviction was obtained by plea agreement." (*Ibid.*) Thus, a defendant is "entitled to petition for modification of his sentence, notwithstanding the fact his conviction was obtained by a plea agreement." (*Id.* at p. 653, fn. omitted.)

Similarly, a defendant who has completed a sentence for a crime may file an application under Proposition 47 to reduce his or her felony conviction to a misdemeanor. Section 1170.18, subdivision (f), states: "A person who has completed his or her sentence for a conviction, whether by trial or plea, of a felony or felonies who would have been guilty of a misdemeanor under this act had this act been in effect at the time of the offense, may file an application before the trial court that entered the judgment of conviction in his or her case to have the felony conviction or convictions designated as misdemeanors." Subdivision (g) of section 1170.18 provides: "If the application satisfies the criteria in subdivision (f), the court shall designate the felony offense or offenses as a misdemeanor."

Among the crimes reduced to misdemeanors by Proposition 47 "are certain second degree burglaries where the defendant enters a commercial establishment with the intent to steal. Such offense is now characterized as shoplifting as defined in new section 459.5." (*People v. Sherow* (2015) 239 Cal.App.4th 875, 879 (*Sherow*).) Section 459.5, subdivision (a), provides: "Notwithstanding Section 459, shoplifting is defined as entering a commercial establishment with intent to commit larceny while that establishment is open during regular business hours, where the value of the property that is taken or intended to be taken does not exceed nine hundred fifty dollars ($950). Any

6

other entry into a commercial establishment with intent to commit larceny is burglary." "Any act of shoplifting as defined in subdivision (a) shall be charged as shoplifting. No person who is charged with shoplifting may also be charged with burglary or theft of the same property." (§ 459.5, subd. (b).)

In the instant case, when defendant requested his felony burglary conviction reduced to misdemeanor shoplifting under Proposition 47, he had already completed his sentence on the burglary conviction. Therefore his request was an application for redesignation under subdivisions (f) and (g) of section 1170.18 (a felony reduction application).

## B. Eligibility of Evidence Outside the Record of Conviction

An applicant seeking redesignation of a felony as a misdemeanor bears the burden of producing evidence that the felony would have been a misdemeanor under Proposition 47. (*Sherow, supra,* 239 Cal.App.4th at pp. 879-880; *People v. Perkins* (2016) 244 Cal.App.4th 129, 140 (*Perkins*); *People v. Rivas-Colon* (2015) 241 Cal.App.4th 444, 449; Evid. Code, § 500.) We reject defendant's contention that in determining eligibility for redesignation, evidence establishing or refuting eligibility is limited to the record of conviction. Evidence may come from within or outside the record of conviction, or from undisputed facts acknowledged by the parties. (*Perkins,* at p. 140 [any probative evidence]; *Sherow,* at p. 880 [petitioning defendant's testimony].) Section 1170.18, enacted by Proposition 47, is silent as to what evidence the court may consider when determining eligibility. There is no express statutory limitation to evidence in the record of conviction.

7

Furthermore, limiting evidence to the record of conviction is inconsistent with this court's decision in *Perkins, supra,* 244 Cal.App.4th at pages 140-141 and footnote 5, as well as *Sherow, supra,* 239 Cal.App.4th at page 880, which suggest that a petitioner seeking resentencing under Proposition 47 is not limited to the record of conviction in meeting his or her initial burden of proof to establish a Proposition 47-sanctioned misdemeanor. (*Perkins,* at p. 140, and *Sherow,* at p. 880.)

The cases cited by defendant for the proposition evidence of eligibility are limited to the record of conviction are not dispositive. The California Supreme Court recently granted review of *People v. Triplett* (2016) 244 Cal.App.4th 824 (*Triplett*), rev. granted April 27, 2016, S233172, 2016 Cal. LEXIS 2431, 201 Cal.Rptr.3d 255. Thus *Triplett* has no precedential value. (Cal. Rules of Court, rules 8.1105(e)(1), 8.1115(a).) *People v. Bradford* (2014) 227 Cal.App.4th 1322, 1327 (*Bradford*) and *People v. Guerrero* (1988) 44 Cal.3d 343, 355, also cited by defendant, concern Proposition 36 (§ 1170.126) and other unrelated sentencing issues, not resentencing under Proposition 47.

The initial determination under Proposition 36 is predominantly legal, whereas the initial determination under Proposition 47 is factual. Under Proposition 36 the initial showing requires evidence of the existence of specified convictions contained in the record of conviction. In contrast, under Proposition 47 the initial showing for resentencing requires evidence of facts that would support a conviction of a misdemeanor that was enacted or amended by Proposition 47. This may require evidence outside of the record of conviction, particularly if the defendant entered a guilty plea. As such, the trial court is not limited to the record of conviction in its consideration of the evidence to

8

adjudicate eligibility for resentencing under Proposition 47. (*Perkins, supra,* 244 Cal.App.4th at p. 140 [any probative evidence]; *Sherow, supra,* 239 Cal.App.4th at p. 880.)

*Perkins, supra,* 244 Cal.App.4th at page 140 and *Sherow, supra,* 239 Cal.App.4th at page 880 support the more persuasive view that evidence outside the record of conviction may be considered when determining resentencing eligibility. Restricting evidence to the record of conviction contravenes Proposition 47's express purpose (Voter Information Pamp., Gen. Elec. (Nov. 4, 2014) text of Prop. 47, p. 70, § 3, subds. (3), (4), (6)[3]), as well as departs from the principle that, "[w]hen interpreting statutory provisions enacted by voter initiative or legislative action, our primary purpose is to ascertain and effectuate the intent of the enactors." (*Alejandro N. v. Superior Court* (2015) 238 Cal.App.4th 1209, 1223-1224.)

Excluding evidence outside the record of conviction in many instances would impede a defendant from meeting his or her burden of proving eligibility under Proposition 47, which often turns on establishing key facts not previously adjudicated, particularly when a defendant has pled guilty. Such a limitation under Proposition 47 would result in potentially insurmountable obstacles to obtaining resentencing relief, which a petitioning defendant might be entitled to if admissible evidence from outside the record were considered. Accordingly, we conclude parties to a petition for resentencing under Proposition 47 are *not limited* to evidence contained in the record of conviction.

---

[3] http://vig.cdn.sos.ca.gov/2014/general/pdf/complete-vig.pdf

9

(*Perkins, supra,* 244 Cal.App.4th at p. 140 and *Sherow, supra,* 239 Cal.App.4th at p. 880.)

Here, the record of defendant's conviction does not suffice to establish a prima facie case for resentencing, no doubt because there was no reason for either party to fix the value of the property stolen when the burglary guilty plea was taken. (See *Bradford, supra,* 227 Cal.App.4th at pp. 1333-1334 [prosecutor had no incentive to plead and prove factors not relevant to a case, but which later became relevant to resentencing under § 1170.126].) Under such circumstances, defendant was required to establish redesignation eligibility either by stipulated facts or extra-record evidence. (*People v. Sherow, supra,* 239 Cal.App.4th at p. 880 ["[a] proper petition could certainly contain at least [petitioner's] testimony about the nature of the items taken"]; *Perkins, supra,* 244 Cal.App.4th at p. 140 [petitioner 'should describe the stolen property and attach some evidence, whether a declaration, court documents, record citations, or other probative evidence showing he is eligible for relief"].)

*C. Sufficiency of Evidence of Value of Stolen Property*

The factual issue of value of the stolen property was never addressed below during the hearing on defendant's felony reduction application because there was no dispute that the value of the property did not exceed $950. The People argued solely that defendant's burglary conviction was ineligible for reduction to a misdemeanor because there was evidence defendant entered Home Depot with the intent to commit a conspiracy. Proposition 47 does not apply to a conspiracy conviction.

10

Although the record of conviction (here, the accusatory pleading, plea agreement, and plea hearing transcript) does not disclose the value or nature of the stolen property, the People forfeited any objection to defendant not proving that the property value did not exceed $950. During the hearing on defendant's felony reduction application, defense counsel informed the court that "[t]he codefendant in this matter stole a package of Velcro and intended to return it for cash. The total is $94.50." The prosecutor did not disagree with this representation of the value of the stolen property or object based on evidentiary grounds to defense counsel's representation of the value of the property value. Instead, the prosecutor responded by requesting the court to file the police report under seal and arguing based on the police report that the crime was ineligible as a conspiracy. The silence of the prosecutor at the time of defense counsel's factual recitation of the value of the stolen property is sufficient to establish an adoptive admission here. (*People v. Oehmigen* (2014) 232 Cal.App.4th 1, 10.)

In addition, the prosecutor requested and defense counsel did not object to the trial court filing the police report, which contained evidence of the property value. With proper foundation, a police report is admissible under the official records exception to the hearsay rule. (Evid. Code, § 1280.) It is admissible however, only to those facts observed by the public employee who has the duty to observe the facts. Statements of individuals referenced in the report, are admissible only if they fall within some other exception to the hearsay rule.

The prosecution's request to file the police report and the defense's failure to object forfeited any objection by the parties to the lack of a proper foundation for

11

admitting into evidence the police report. Additionally, the prosecution did not object to the trial court relying on the facts and attached receipt copies included in the police report establishing the value of the stolen property. The People thus forfeited any objection to defendant not meeting his burden of proving that the value of the property did not exceed $950, and the trial court reasonably concluded the value of the stolen property did not exceed $950, as established by the police report and defense counsel's statement of the property value.

*D. Conspiracy to Commit Burglary*

The People contend defendant's commercial burglary conviction is not eligible for reduction to misdemeanor shoplifting under Proposition 47 because the crime was a conspiracy. The People argue it is irrelevant that they did not allege conspiracy in the complaint. We disagree.

"Conspiracy is an inchoate crime. [Citation.] It does not require the commission of the substantive offense that is the object of the conspiracy. [Citation.] 'As an inchoate crime, conspiracy fixes the point of legal intervention at [the time of] agreement to commit a crime,' and 'thus reaches further back into preparatory conduct than attempt . . . .' [Citation.]" (*People v. Swain* (1996) 12 Cal.4th 593, 599-600 (*Swain*).)

A conspiracy is defined as "'two or more persons conspir[ing]' '[t]o commit any crime,' together with proof of the commission of an overt act 'by one or more of the parties to such agreement' in furtherance thereof. (Pen. Code, § 182, subd. (a)(1), 184.) [¶] 'Conspiracy is a "specific intent" crime. . . . The specific intent required divides logically into two elements: (a) the intent to agree, or conspire, and (b) the intent to

12

commit the offense which is the object of the conspiracy. . . . To sustain a conviction for conspiracy to commit a particular offense, the prosecution must show not only that the conspirators intended to agree but also that they intended to commit the elements of that offense.' [Citation.] In some instances, the object of the conspiracy 'is defined in terms of proscribed conduct.' [Citation.] In other instances, it 'is defined in terms of . . . a proscribed result under specified attendant circumstances.' [Citation.]" (*Swain, supra,* 12 Cal.4th at p. 600.) Proposition 47 does not apply to convictions for conspiracy. (*People v. Segura* (2015) 239 Cal.App.4th 1282.)

Like aiding and abetting, conspiracy is itself a theory of liability. (*People v. Hajek & Vo* (2014) 58 Cal.4th 1144, 1201 (*Hajek & Vo*).) We recognize conspiracy need not in all instances be charged, so long as the defendant is put on notice the prosecution is asserting the theory against the defendant. (*Ibid.*) In *Hajek & Vo*, the defendants argued that "the use of an uncharged conspiracy violated due process by depriving them of notice of the charges against them." (*Ibid.*) The court in *Hajek & Vo* rejected the argument, stating that "''"Due process of law requires that an accused be advised of the charges against him so that he has a reasonable opportunity to prepare and present his defense and not be taken by surprise by evidence offered at his trial."''" The court in *Hajek & Vo,* concluded the defendants were so advised because, "by the time the trial began, defendants were well aware the prosecutor intended to proceed on a conspiracy theory to establish derivative liability." (*Ibid.*)

This was not the case in the instant case. The complaint and information do not allege defendant conspired with anyone in committing the burglary. There is no mention

13

of a conspiracy or of anyone participating with defendant in the burglary. Count 1 merely states that defendant willfully and unlawfully entered the Home Depot with intent to commit theft. Count 2 states defendant willfully and unlawfully stole, took, and carried away personal property of Home Depot.

Unlike in *Hajek & Vo, supra,* 58 Cal.4th 1144, there was no preliminary hearing or trial. There being no evidence in the record to the contrary, we must conclude that at the time defendant pled guilty and was sentenced, he did not receive notice he was being charged with committing a conspiracy. Therefore, regardless of whether there was admissible evidence supporting a conspiracy conviction, defendant is not barred from reducing his felony burglary conviction to misdemeanor shoplifting. Holding otherwise would violate defendant's due process rights to proper notice of being charged with a conspiracy.

Furthermore, allowing the People to establish ineligibility for sentence reduction based on conspiracy, after defendant pled guilty to burglary, with intent to commit a theft, not a conspiracy, would violate double jeopardy and fair trial principles. Double jeopardy forbids a second trial for the purpose of affording the People a second opportunity to provide evidence it failed to produce in the first proceeding. (*Burks v. United States* (1978) 437 U.S. 1, 11.) Section 654, subdivision (a) "provides that '[a]n acquittal or conviction and sentence under any one [provision of law] bars a prosecution for the same act or omission under any other.' In *Kellett v. Superior Court* (1966) 63 Cal.2d 822, 827 [], the court stated that '[w]hen, as here, the prosecution is or should be aware of more than one offense in which the same act or course of conduct plays a

14

significant part, all such offenses must be prosecuted in a single proceeding unless joinder is prohibited or severance permitted for good cause. Failure to unite all such offenses will result in a bar to subsequent prosecution of any offense omitted if the initial proceedings culminate in either acquittal or conviction and sentence.'" (*Sanders v. Superior Court* (1999) 76 Cal.App.4th 609, 614, fn. omitted; in accord, *People v. Hamernick*, 2016 Cal.App. LEXIS 562, pp. 26-27.) The People's failure to charge defendant with a conspiracy and prosecute him for that offense bars the People from post-conviction reliance on the uncharged theory of conspiracy as a basis for preventing him from benefiting from sentence reduction under Proposition 47.

Furthermore, the People failed to establish at the hearing on defendant's felony reduction application that defendant entered Home Depot with intent to commit a conspiracy. The People relied solely on the police report to establish a conspiracy as a basis of ineligibility. As discussed above, only those facts in the police report observed by the reporting officer or statements in the report falling within some other hearsay exception constitute admissible evidence that can be relied upon in establishing a conspiracy. (*Rupf v. Yan* (2000) 85 Cal.App.4th 411, 430-431.)

The admissible facts in the police report do not establish that defendant and Morgan entered Home Depot with intent to commit a conspiracy. Rather, the admissible statements in the police report indicate defendant and Morgan agreed to shoplift at Home Depot before entering the Home Depot store, and then entered Home Depot with intent to commit theft, not a conspiracy. Accordingly, we conclude the trial court did not err in

15

finding defendant's felony commercial burglary conviction was eligible for reduction to a misdemeanor under Proposition 47.

## IV

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

CODRINGTON
J.

We concur:

RAMIREZ
P. J.

HOLLENHORST
J.