Filed 5/24/18

CERTIFIED FOR PUBLICATION

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>ISRAEL SOTO,<br><br>    Defendant and Appellant. | D072319<br><br><br><br>(Super. Ct. No. SCD202626) |

APPEAL from an order of the Superior Court of San Diego County, David J. Danielsen, Judge.  Affirmed.

Theresa Osterman Stevenson, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, and Adrian R. Contreras, Deputy Attorney General, for Plaintiff and Respondent.

Israel Soto appeals an order denying his petition to reduce to a misdemeanor his felony conviction for theft from an elder. (Pen. Code, § 368, subd. (d).)[1] He sought relief under section 1170.18, the Safe Neighborhoods and Schools Act, which was enacted by California voters in November 2014 pursuant to Proposition 47. The trial court denied Soto's petition on the basis that his conviction was categorically ineligible for relief. Appointed appellate counsel filed a brief pursuant to *Anders v. California* (1967) 386 U.S. 738 (*Anders*) and *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), and Soto filed a supplemental brief on his own behalf.

We asked for supplemental briefing on whether Soto's conviction under section 368, subdivision (d) was eligible for reclassification under Proposition 47 following *People v. Page* (2017) 3 Cal.5th 1175 (*Page*). Having reviewed the submissions, we conclude Soto is ineligible for relief and affirm.

FACTUAL AND PROCEDURAL BACKGROUND

In 2006, Soto helped his grandmother change her telephone service provider. While talking to the operator, he memorized her birthdate and social security number. He later impersonated his grandmother to obtain a new credit card on her account in his

---

[1] Further statutory references are to the Penal Code.

name and used it to make unauthorized retail purchases.[2] Soto was charged with theft from an elder of a value exceeding $400 (§ 368, former subd. (d), added by Stats. 2004, ch. 893, § 1) and using the personal identification of another (§ 530.5, subd. (a)).

In December 2006, Soto pled guilty to section 368, subdivision (d) and the People dismissed the remaining charge. Pursuant to the terms of his plea agreement, Soto's conviction was to be reduced to a misdemeanor once he paid full restitution. At sentencing, the court suspended imposition of the sentence and placed Soto on probation for three years, subject to certain terms and conditions. It entered a "no contact" order preventing further contact with the victim and ordered Soto to pay $1,822.05 in victim restitution. It also imposed a $200 restitution fine and a $200 probation revocation fine, stayed unless probation was revoked. (§§ 1202.4, subd. (b), 1202.44.)

Soto filed a pro per petition in April 2017 seeking reclassification of his offense to a misdemeanor (§ 1170.18, subd. (f)). His handwritten argument section was three sentences long and stated simply that Proposition 47 converted felonies to misdemeanors. The court denied the petition, deeming the underlying conviction under section 368, subdivision (d) categorically ineligible for reclassification under section 1170.18.

---

[2]    We draw this background information from the probation report. A probation report "ordinarily is not part of the record of conviction." (*People v. Oehmigen* (2014) 232 Cal.App.4th 1, 5.) But eligibility under Proposition 47 may properly "turn on facts that are not established by either the uncontested petition or the record of conviction" (*People v. Romanowski* (2017) 2 Cal.5th 903, 916 (*Romanowski*).) Courts are not limited to the record of conviction to determine Proposition 47 eligibility. (*People v. Johnson* (2016) 1 Cal.App.5th 953, 966−968.)

Appointed appellate counsel filed a brief summarizing the facts and proceedings before the trial court. Counsel presented no argument for reversal but asked this court to review the entire record for error in accordance with *Wende, supra,* 25 Cal.3d 436. Pursuant to *Anders, supra,* 386 U.S. 738, counsel identified the following issue that might arguably support the appeal: "whether the court erred as a matter of law in finding appellant's conviction for violating Penal Code section 368, subdivision (d), was ineligible for Proposition 47 relief, and if so, whether the record supported a finding that his conviction met the $950 or less statutory threshold."

Soto filed a supplemental brief, in which he claimed he spent only $822.05 on his grandmother's credit card, not $1,822.05, and asked us to review the purchases allegedly made. He also argued that his family would be willing to write a letter "to cancel" the civil judgment of "1,822.05 dollars."

We asked counsel to submit supplemental briefs on the following issues: "(1) Is Soto's conviction for theft from an elder under Penal Code section 368 eligible for resentencing under Penal Code section 1170.18? (Compare *People v. Bush* (2016) 245 Cal.App.4th 992, 1001–1005 with *People v. Page* (2017) 3 Cal.5th 1175.) (2) If the conviction is eligible, did Soto's petition include sufficient 'allegations, testimony, or record references' for the trial court to determine his eligibility for resentencing under Penal Code section 1170.18; if the present petition is insufficient, is Soto 'entitled to an opportunity to file a new petition meeting the statutory requirements'? (See *Page, supra,* 3 Cal.5th at p. 1189.)"

4

Soto's appellate counsel filed a letter brief arguing that *Page, supra,* 3 Cal.5th 1175 requires reversal; the People filed a brief taking the contrary view.

DISCUSSION

1.    *The Parties Agree That Soto's Petition Was Deficient*

"A defendant seeking resentencing under section 1170.18 bears the burden of establishing his or her eligibility, including by providing in the petition a statement of personally known facts necessary to eligibility." (*Page, supra,* 3 Cal.5th at p. 1188.) Defense counsel concedes that Soto's petition was devoid of allegations, testimony, or record references from which the trial court could determine whether Soto was convicted of theft of a value $950 or less. (*Id.* at p. 1189.) This information was also not apparent from the record. During the plea soliloquy, Soto admitted he obtained property "of a value over $400" or "exceeding $400." The trial court ordered victim restitution of $1,822.05 but never made a finding as to the value of property taken. Although Soto claims on appeal he only spent $822.05, he never made argument or presented relevant evidence to the trial court. Because Soto did not meet his burden of proof to establish his eligibility for Proposition 47 relief, his petition was properly denied. (*Ibid.*)

The real question presented by this appeal is whether we should affirm the order denying Soto's petition to reduce his offense to a misdemeanor with or without prejudice. *Page* affirmed the denial of a petition without prejudice because "the proper allocation of the burden of proof and the facts necessary to resentencing on a Vehicle Code section 10851 conviction were not set out expressly in the text of Proposition 47," and "neither had yet been judicially articulated when defendant submitted his petition for recall."

5

(*Page, supra,* 3 Cal.5th at p. 1189.) It concluded the defendant was "entitled to an opportunity to file a new petition meeting the statutory requirements" and explained that "[s]uch a petition should allege and, where possible, provide evidence of facts necessary to establish eligibility for resentencing under section 1170.18." (*Ibid.*)

The People seek affirmance *with prejudice* because Soto filed his petition after *Romanowski* established that he bore the burden of proof. (*Romanowski, supra*, 2 Cal.5th at p. 916.) We do not address that argument. Because Soto's conviction under section 368, subdivision (d) is ineligible for reclassification, he is not entitled to file a new petition, and we affirm the order denying his petition with prejudice.

2. *A Conviction Under Section 368, Subdivision (d) Is Ineligible for Reclassification Via Section 490.2, Subdivision (a)*

"Approved by the voters in 2014, Proposition 47 (the 'Safe Neighborhoods and Schools Act') reduced the punishment for certain theft- and drug-related offenses, making them punishable as misdemeanors rather than felonies. To that end, Proposition 47 amended or added several statutory provisions, including new . . . section 490.2, which provides that 'obtaining any property by theft' is petty theft and is to be punished as a misdemeanor if the value of the property taken is $950 or less." (*Page, supra,* 3 Cal.5th at p. 1179.)

A separate provision of Proposition 47, codified at section 1170.18, describes petitioning procedures. (*Page, supra,* 3 Cal.5th at p. 1179.) As is relevant here, eligible defendants who have already completed a felony sentence may petition to reclassify their convictions as misdemeanors if they "would have been guilty of a misdemeanor under

6

this act had this act been in effect at the time of the offense." (§ 1170.18, subd. (f).) At issue is whether Proposition 47 applies to a conviction under section 368, subdivision (d). This presents a pure question of law, subject to de novo review. (*People v. Bush* (2016) 245 Cal.App.4th 992, 1003 (*Bush*).)

At the time of Soto's plea, section 368, subdivision (d) read:

> "Any person who is not a caretaker who violates any provision of law proscribing theft, embezzlement, forgery, or fraud, or who violates Section 530.5 proscribing identity theft, with respect to the property or personal identifying information of an elder or a dependent adult, and who knows or reasonably should know that the victim is an elder or a dependent adult, is punishable by imprisonment in a county jail not exceeding one year, or in the state prison for two, three, or four years, when the moneys, labor, goods, services, or real or personal property taken or obtained is of a value exceeding four hundred dollars ($400); and by a fine not exceeding one thousand dollars ($1,000), by imprisonment in a county jail not exceeding one year, or by both that fine and imprisonment, when the moneys, labor, goods, services, or real or personal property taken or obtained is of a value not exceeding four hundred dollars ($400)."

(§ 368, former subd. (d), added by Stats. 2004, ch. 893, § 1.) The statute has been amended over the years. In 2010, the Legislature increased the dollar threshold from $400 to $950. (*Id.* added by Stats. 2009–2010, 3d Ex. Sess., ch. 28 § 9.) Since January 2012, it is a wobbler if the value taken or obtained exceeds $950 and a misdemeanor if it does not. (*Id.* added by Stats. 2011, ch. 366, § 1.5.) Proposition 47 did not amend section 368, subdivision (d).

*Bush, supra,* 245 Cal.App.4th 992 found a similarly worded version of section 368, subdivision (d) ineligible for Proposition 47 relief. (*Id.* at pp. 998−999.)[3] The court

7

relied on the fact that section 368, former subdivision (d) was not listed in section 1170.18 or otherwise amended by Proposition 47. (*Bush, supra,* at pp. 1004−1005.)

Supreme Court decisions after *Bush, supra,* 245 Cal.App.4th 992 challenge its reasoning. As the People concede, *Page* rejects *Bush*'s main reasons for finding the offense ineligible. The statute in *Page* was neither listed in section 1170.18 nor was amended by Proposition 47. The court nevertheless deemed it potentially eligible via Proposition 47's new petty theft statute, section 490.2. (*Page, supra,* 3 Cal.5th at p. 1187.) *Romanowski* likewise found a conviction under section 484e eligible for resentencing under section 490.2 even though section 484e was neither listed in section 1170.18 nor amended by Proposition 47. (*Romanowski, supra,* 2 Cal.5th at p. 906; see *People v. Martinez* (2018) 4 Cal.5th 647, 652 ["the mere fact that [Health & Safety Code] section 11379 is not enumerated in Penal Code section 1170.18(a) is not fatal to Martinez's petition"].)

In other words, although *Bush* considered the same offense at issue here and found the offense ineligible, later cases shift the focus of our inquiry.[4] After *Romanowski* and

---

[3]    The defendant in *Bush* committed offenses between October 2000 and January 2002. (*Bush, supra,* 245 Cal.App.4th at p. 998.) During that period, section 368, subdivision (d) only referred to theft or embezzlement from an elder victim and did not reference forgery, fraud, or identity theft under section 530.5. (§ 368, former subd. (d), added by Stats. 1998, ch. 936, § 7.5.)

[4]    The People argue *Bush, supra,* 245 Cal.App.4th 992 remains good law because *Page, supra,* 3 Cal.5th 1175 does not address its reasoning as to Proposition 47's amendment to section 666. We do not draw the same inference as *Bush* as to that amendment. Section 666 codifies the offense of petty theft with a prior theft-related conviction. Proposition 47 eliminated that crime as to most persons (*People v. Diaz*

8

*Page*, the question before us is whether Soto's conviction under section 368, subdivision (d) may qualify for resentencing under Proposition 47 *via section 490.2*, the new petty theft statute.  That statute provides, in relevant part:

> "Notwithstanding Section 487 or any other provision of law defining grand theft, obtaining any property by theft where the value of the money, labor, real or personal property taken does not exceed nine hundred fifty dollars ($950) shall be considered petty theft and shall be punished as a misdemeanor . . . ."

Section 490.2 sought to eliminate provisions that "carved out separate categories of grand theft based on the type of property stolen, with either a lower value threshold or no value threshold at all." (*Romanowski, supra,* 2 Cal.5th at p. 908.)  Section 487 defined as grand theft the theft of "more than $950 worth of anything; more than $250 worth of the crops or critters listed in subdivision (b); anything at all from the victim's person; or any cars or guns." (*Romanowski, supra* at p. 907.)  By inserting a $950 threshold, Proposition 47 ensured that "such crimes would no longer be charged as grand theft *solely because of the property involved*." (*Id.* at p. 908.)  Proposition 47 had its sights on both the grand theft offenses listed in section 487 *and* those offenses that were elsewhere defined as grand theft.  That was apparent from section 490.2's clause, "[n]otwithstanding Section 487 or any other provision of law defining grand theft." (*Romanowski, supra,* at p. 907, citing § 490.2, subd. (a).)

---

(2015) 238 Cal.App.4th 1323, 1330) but *expanded* it to persons with "a conviction pursuant to subdivision (d) or (e) of Section 368." (Compare § 666, subd. (b) with § 666, former subd. (b)(1), added by Stats. 2013, ch. 782, § 1.)  Section 666 pertains only to a *subsequent* petty theft conviction and says nothing as to whether an *initial* elder theft offense is misdemeanor petty theft.  Section 490.2 makes no mention of section 368 among the categories of ineligible defendants.  We therefore draw no inference from the amendment to section 666.

*Romanowski* considered whether a conviction under section 484e, subdivision (d) qualified for resentencing via section 490.2. (*Romanowski, supra,* 2 Cal.5th. at p. 908.) Section 484e, subdivision (d) provides:

> "Every person who acquires or retains possession of access card account information with respect to an access card validly issued to another person, without the cardholder's or issuer's consent, with the intent to use it fraudulently, is guilty of grand theft."

Because the statute explicitly defined theft of access card information as *grand theft*, the court readily found that the statute fell within section 490.2. (*Romanowski, supra,* at p. 908.) That section 484e resided in the "Larceny" chapter of the Penal Code and proscribed conduct that *sounded* in theft, further indicated "that theft of access card information is a theft crime." (*Romanowski, supra,* at pp. 908−909.)

Although the court agreed that theft of access card information differed in some respects from other forms of theft, "Proposition 47 broadly reduced punishment for 'obtaining any property by theft' where the value of the stolen information is less than $950." (*Romanowski, supra,* 2 Cal.5th at p. 906, citing § 490.2, subd. (a).) Thus, a defendant convicted of stealing access card information could seek resentencing under Proposition 47 if the market value of the stolen information (considering possible illicit sales) was below the $950 threshold in section 490.2. (*Ibid.*)

*Page* addressed whether Proposition 47 applied to a conviction under Vehicle Code section 10851, a statute that encompasses both theft and nontheft offenses (e.g., joyriding). Citing *Romanowski* the court concluded it could. "By its terms, Proposition

47's new petty theft provision, section 490.2 covers the *theft* form of the Vehicle Code section 10851 offense." (*Page, supra,* 3 Cal.5th at pp. 1182−1183, italics added.)

As previously noted, *Page* rejected the argument that the failure to list Vehicle Code section 10851 within Penal Code sections 1170.18 or 490.2 precluded eligibility. (*Page, supra,* 3 Cal.5th at pp. 1184−1186.) Section 490.2's "central ameliorative provision . . . mandates that 'obtaining any property [worth $950 or less] by theft . . . shall be considered petty theft and shall be punished as a misdemeanor.' " (*Page, supra,* at p. 1186.) Therefore, "obtaining an automobile worth $950 or less by theft constitutes petty theft under section 490.2 and is punishable only as a misdemeanor, *regardless of the statutory section under which the theft was charged*." (*Page, supra,* at p. 1187, italics added.)

Following *Page*, a statute's placement does not determine Proposition 47 eligibility—indeed, the statute in *Page* was not even located in the Penal Code. Although the relevant statute did not expressly define the offense as theft, *Page* focused on the *conduct* it criminalized and noted it "includes theft of a vehicle." (*Page, supra,* 3 Cal.5th at p. 1186.) The theft form of the offense was therefore eligible for resentencing to the extent the car was worth $950 or less.

It is important to remember that *Page* involved vehicle theft, which has at all times been defined as grand theft. (§ 487, subd. (d)(1) ["Grand theft is committed . . . [w]hen the property taken is . . . an automobile"].) *Page* acknowledged as much, noting that "to the extent vehicle theft is punished as a felony under section 10851, it is, in effect, a form of grand, rather than petty, theft." (*Page, supra,* 3 Cal.5th at p. 1186.) As *Page* makes

11

clear, Proposition 47 is not limited to the universe of offenses previously designated as grand theft. (*Ibid.*) But the case itself does not address whether a crime that is not defined as grand theft *and* requires additional elements beyond the theft itself may qualify for resentencing under the new petty theft statute.

*Romanowski* and *Page* consider whether stealing a particular type of property (access card information or a vehicle) could constitute petty theft. Both cases involve crimes that were previously *classified* as grand theft. Thus, neither had occasion to consider Proposition 47 eligibility for what we will call a pure "theft-plus" offense, i.e., one that is not identified as grand theft and requires *additional necessary elements* beyond the theft itself. Nothing in *Romanowski* or *Page* suggests that section 490.2 extends to any course of conduct that happens to include obtaining property by theft worth less than $950. As a matter of first impression, we conclude it does not.

A different conclusion would lead to absurd results. "Robbery is the felonious taking of personal property in the possession of another, from his person or immediate presence, and against his will, accomplished by means of force or fear." (§ 211.) Theft is a lesser included offense of robbery. (*People v. Bradford* (1997) 14 Cal.4th 1005, 1055; *People v. Ortega* (1998) 19 Cal.4th 686, 699.) A robber might take property by larceny worth less than $950. (See *People v. Williams* (2013) 57 Cal.4th 776 [robbery requires theft by larceny].) An over-expansive reading of *Romanowski* and *Page* might construe that "theft-plus" offense as petty theft under section 490.2. Such a construction would thwart Proposition 47's objective to reduce sentences for *nonviolent* crimes while shifting spending toward *more serious* offenses. (*Romanowski, supra,* 2 Cal.5th at p. 907.)

12

*People v. Segura* (2015) 239 Cal.App.4th 1282 (*Segura*) is helpful. A defendant convicted of conspiracy (§ 182) argued he was eligible for resentencing because he conspired with his codefendants to commit a *theft*. The court disagreed.[5] Applying Proposition 47 to theft but not *conspiracy* to commit theft did not lead to an absurd result: conspiracy crimes "present a greater evil than crimes committed by an individual," warranting different treatment. (*Segura, supra,* at p. 1284.)

Soto was convicted under section 368, subdivision (d). (§ 368, former subd. (d), added by Stats. 2004, ch. 893, § 1.) That statute requires an underlying theft, embezzlement, forgery, fraud, or identity theft under section 530.5. (*Ibid.*) In pleading guilty, Soto admitted he

> "unlawfully violated PC 530.5 with respect to the personal identifying information of an elder knowing that the victim was an elder & the property obtained was of a value exceeding $400.00."

Section 530.5, subdivision (a) in turn provides:

> "Every person who willfully obtains personal identifying information, as defined in subdivision (b) of Section 530.55, of another person, and uses that information for any unlawful purpose, including to obtain, or attempt to obtain, credit, goods, services, real property, or medical information without the consent of that person, is guilty of a public offense, and upon conviction therefor, shall be punished by a fine, by imprisonment in a county jail not to exceed one year, or by both a fine and imprisonment, or by imprisonment pursuant to subdivision (h) of Section 1170."

---

5     *Segura, supra,* 239 Cal.App.4th 1282 rejected eligibility in part on grounds rejected in *Page*. (*Page, supra,* 3 Cal.5th at pp. 1184−1185 [failure to list the offense in section 1170.18 did not preclude eligibility].) We disregard that portion of the opinion.

Courts have grappled with whether a violation of section 530.5, subdivision (a) can qualify for relief under Proposition 47 where the defendant obtains personal identifying information of another and *uses* it to obtain property with a value of less than $950. (Compare *People v. Sanders* (2018) 22 Cal.App.5th 397 with *People v. Jimenez* (May 8, 2018, No. B283858) ___ Cal.App.5th ___ [2018 Cal.App. Lexis 410] (relying on *People v. Gonzales* (2017) 2 Cal.5th 858 (*Gonzales*)).) Even if we assume that Soto's conviction was based on an underlying theft offense, this does not resolve the question of eligibility for relief under Proposition 47 because a violation of section 368, subdivision (d) requires *additional* necessary elements. The victim must be an "elder or a dependent adult," and there must be a finding that the defendant knew or reasonably should have known that fact. (§ 368, former subd. (d), added by Stats. 2004, ch. 893, § 1.) These additional elements render Soto's offense a "theft-plus" offense much in the same way as robbery or conspiracy to commit theft and place his conviction outside the scope of section 490.2.

*Romanowski* and *Page* do not compel a different result. Both involved conduct that was previously designated as *grand theft*. Although *Page* instructs that this label is not dispositive, the case did not involve a "theft-plus" offense. A violation of section 368, subdivision (d) is neither defined as grand theft nor encompasses conduct that entails theft *and nothing more*. As a result, we conclude the crime does not fall within the scope of section 490.2, subdivision (a) even if the amount obtained is under $950.

We acknowledge that Soto's conduct is similar in some ways to the conduct at issue in *Gonzales* and *Romanowski*. Soto used his grandmother's personal identifying

14

information to obtain a credit card, which he then used to make unauthorized purchases. Gonzales stole his grandmother's checkbook and cashed two unauthorized checks at a bank. (*Gonzales, supra,* 2 Cal.5th at p. 862.) Romanowski stole access card account information (such as credit and debit card information) without the cardholder's or issuer's consent with the intent to use it fraudulently. (*Romanowski, supra,* 2 Cal.5th at pp. 905−906; § 484e, subd. (d).) Gonzales and Romanowski were entitled to Proposition 47 relief. We conclude today that Soto is not.

Despite the parallels, there is a critical difference. Soto was charged with an aggravated form of theft—theft from an elder victim.[6] We see no way to interpret section 490.2 to cover Soto's conviction without converting every "theft-plus" offense involving less than $950 into petty theft. Absent further guidance from the Supreme Court, we are hesitant given our role as an intermediate appellate court to take this expansive view.[7]

---

[6]    Despite the facial similarities—both *Gonzales, supra,* 2 Cal.5th 858, and this case involve grandmothers as victims—we have no way of knowing whether Gonzales's grandmother would have qualified as an elder victim within the meaning of section 368, subdivision (g).

[7]    We do not address the People's claim that section 368 provides special protection for elder adults. *Romanowski* rejected a similar contention that section 484e was ineligible for resentencing because it sought to protect consumers. (*Romanowski, supra,* 2 Cal.5th at p. 913.) But the statutory purpose is arguably explicit in the elder abuse statute in a way that it was not in *Romanowski*. (§ 368, former subd. (a), added by Stats. 2004, ch. 893, § 1 ["The Legislature finds and declares that crimes against elders and dependent adults are deserving of special consideration and protection, not unlike the special protections provided for minor children . . . ."].)

DISPOSITION

The order is affirmed.


                                                                    DATO, J.

WE CONCUR:


HUFFMAN, Acting P. J.


NARES, J.